■ PATRICIA K. KIERNAN, Plaintiff, v JAMES EDWARDS et al., Defendants. (Action No. 1.) LINDA HUDSON, Appellant, v IRENE S. KIERNAN et al., Respondents. (Action No. 2.) — In negligence actions to recover damages for personal injuries arising out of an automobile accident, the plaintiff in action No. 2 appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated May 3, 1982, as, upon renewal, denied her motion for summary judgment. Order reversed insofar as appealed from, on the law, with costs, and appellant's motion granted to the extent that summary judgment is awarded against defendants James Edwards and James Edwards, Jr., on the issue of liability and motion otherwise denied. The order under review reflects continued judicial reluctance to apply the summary judgment statute to automobile negligence cases no matter how overpowering the facts. The appealing plaintiff was a passenger in the Kiernan vehicle which was proceeding north on Woodbury Road in the Town of Huntington when a car, driven by James Edwards, Jr., and owned by James Edwards, Sr., proceeding south made a left turn on Main Street in front of Kiernan and a collision occurred. The evidence is clear that both cars entered the intersection with the traffic light green. A disinterested witness avers in an affidavit that he saw the Edwards car enter the intersection traveling at about 30 miles per hour and watched it make a sharp turn in front of the Kiernan car causing the collision. In a deposition James Edwards, Jr., declares that he gave a signal for a left turn, saw no oncoming traffic and started to make the left turn when he felt an impact. Kiernan says, of course, that Edwards cut sharply in front of him. On such a record, Special Term concluded there was an issue of fact as to whether left-turner Edwards was negligent. We cannot agree. Section 1141 of the Vehicle and Traffic Law provides that a left turning vehicle must yield the right of way to a vehicle approaching from the opposite direction. Since Edwards says he saw no vehicle approach, he has invoked the common-law rule that a motorist must see what there is to see (see *Weigand v United Traction Co.,* 221 NY 39; 1 PJI 2:77) and unless its appearance in this case was truly talismanic, what there was to see was the Kiernan car. To the faultless plaintiff passenger, the degrees of comparative negligence which may exist between Edwards and Kiernan are not material since Edwards was clearly negligent and she is, therefore, entitled to summary judgment against James Edwards and James Edwards, Sr., on the issue of liability. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.