■ SANDRA LESTER, Respondent, v CLAUDE JOLICOFUR et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Lodato, J.), dated October 25, 1984, which, after jury trial, is in favor of the plaintiff and against them in the principal sum of $554,000.

Judgment affirmed, with costs.

This action arises out of a two-car collision on Kings Highway in Brooklyn, involving a southbound automobile driven by the plaintiff Sandra Lester and a left-turning northbound automobile owned by the defendant Fordham Rent-A-Car, Inc., and driven by the defendant Claude Jolicofur. The jury's verdict assessing 100% of the liability against the defendant Claude Jolicofur is supported by the record.

Vehicle and Traffic Law § 1141 provides that a left-turning vehicle must yield the right-of-way to a vehicle approaching from the opposite direction. Since the defendant Jolicofur stated that he saw no vehicle approaching, he was clearly negligent since a motorist is under a "duty to see that which

under the facts and circumstances he should have seen by the proper use of his senses" (PJI 2:77, at 225; *see, Kiernan v Edwards,* 97 AD2d 750, citing *Weigand v United Traction Co.,* 221 NY 39). If Jolicofur did in fact see the plaintiff's vehicle approaching it was reasonable to conclude that he was negligent in trying to cross in front of the plaintiff's car.

We see no reason to disturb the damage award. The plaintiff's economist based his calculations of loss of earnings on United States Census Bureau statistics, and in so doing, figured projected earnings for a person with 1 to 3 years of college even though the plaintiff was only 16 credits shy of a degree and was continuing her schooling. The economist ascertained the present value of the plaintiff's projected future earnings by discounting the future earnings figure. The jury awarded only about one half of what the economist estimated to be the plaintiff's loss of future earnings. Moreover, the jury's award of $100,000 for past pain and suffering and $170,000 for future pain and suffering was supported by the record. The plaintiff, who was approximately 30 years old at the time of the accident, had been in and out of hospitals seven times during the 6½-year period prior to trial and had hospital bills which totaled about $90,000. She had undergone two operations for a herniated disc, and when that did not reduce the pain in her back, she went for a series of epidural blocks. Additionally, she underwent a series of myelograms. An orthopedic surgeon concluded at the trial that the plaintiff would be disabled for the rest of her life.

Based on this evidence, we decline to reduce the award. Lazer, J. P., Bracken, Brown and Lawrence, JJ., concur.