■ NOE J. A. HERNANDEZ, Respondent, v MILTON JOSEPH et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated November 30, 1987, as granted that branch of the plaintiff's motion which was to set aside the jury verdict as against the weight of the evidence and to order a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The trial court's decision to set aside the jury's verdict finding that the defendant Richard Joseph (hereinafter the defendant) was not negligent in the operation of his automobile and to order a new trial was not erroneous, since such a finding could not have been reached " 'on any fair interpretation of the evidence' " (Nicastro v Park, 113 AD2d 129, 134). The left-turning defendant testified that he did not see the plaintiff's bicycle approaching from the opposite direction, and thus did not yield the right-of-way in accordance with Vehicle and Traffic Law § 1141. Since the plaintiff's bicycle was in fact approaching at the time the defendant began making the left turn, a fair interpretation of the evidence leads us to conclude that the defendant was negligent in either failing to see that which under the facts and circumstances he should have seen, or in trying to cross in front of the plaintiff when it was hazardous to do so (see, Lester v Jolicofur, 120 AD2d 574; Kiernan v Edwards, 97 AD2d 750, appeal dismissed 62 NY2d 617; Pickard v Koenigstreuter, 70 AD2d 693, appeal dismissed 48 NY2d 652). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.