■ JOHN BURNS, Respondent, v ANTHONY MASTROIANNI, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered August 25, 1989, which, upon a motion for judgment as a matter of law made at the close of evidence on the issue of liability, and

upon a jury verdict as to damages, is in favor of the plaintiff and against him in the principal sum of $20,000.

Ordered that the judgment is affirmed, with costs.

This action arises out of a collision on Carlton Avenue in the Town of Islip, involving a northbound bicycle operated by the plaintiff John Burns, and a left-turning southbound automobile driven by William Miller. The sole issue on appeal is the propriety of the trial court's decision to grant the plaintiff's motion for judgment as a matter of law on the issue of liability.

It is well established that the standard to be applied in deciding a motion for judgment as a matter of law is "whether the trial court could find that by no rational process could the trier of fact base a finding in favor of the party of opposing the motion" *(Grillias v D'Arrigo Bros. Co.,* 144 AD2d 638; *Dooley v Skodnek,* 138 AD2d 102). Applying this standard to the case at bar, we find upon our review of the record that the Supreme Court properly granted the plaintiff's motion for judgment as a matter of law. Vehicle and Traffic Law § 1141 provides that a left-turning vehicle must yield the right-of-way to a vehicle approaching from the opposite direction. Since Miller admitted that he did not see the plaintiff's bicycle approaching from the opposite direction, he was clearly negligent in failing to see "that which under the facts and circumstances he should have seen by the proper use of his senses" *(Hernandez v Joseph,* 143 AD2d 632; *Lester v Jolicofur,* 120 AD2d 574; *Kiernan v Edwards,* 97 AD2d 750). Moreover, if Miller saw but disregarded the plaintiff on his bicycle, he was negligent in trying to cross in front of the plaintiff when it was hazardous to do so *(see, Hernandez v Joseph, supra; Lester v Jolicofur, supra).* Finally, we note that no evidence was adduced at trial which indicates that any possible negligence on the part of the plaintiff contributed to the accident. Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.