(January 15, 1992)

■ LINDA BAGNATO et al., Respondents, v ROBERT ROMANO et al., Appellants.

This appeal arises from an automobile accident wherein the plaintiff Linda Bagnato's car was struck broadside by the defendants' vehicle as the plaintiff Linda Bagnato made a left-hand turn across the highway on which the defendant driver was traveling. At the trial, the defendant driver testified that he was driving at 45 to 50 miles per hour and did not reduce his speed upon approaching the intersection.

The court's charge included an instruction on Vehicle and Traffic Law § 1180 (e), which provides that "[t]he driver of every vehicle shall, consistent with the requirements of subdivision (a) of this section, drive at an appropriate reduced speed

when approaching and crossing an intersection". The court also instructed the jury that pursuant to Vehicle and Traffic Law § 1180 (a), which provides that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazard then existing".

The jury returned a verdict in favor of the defendants, finding, in response to an interrogatory, that the defendant driver was not negligent. The plaintiffs moved to set aside the verdict, arguing that the defendant driver's admitted failure to reduce his speed constituted a violation of Vehicle and Traffic Law § 1180 (e) as a matter of law and, since the violation of a traffic statute constitutes negligence per se, the verdict must be set aside. The court granted the motion, holding that the defendant driver was negligent as a matter of law. A new trial was granted, because, in the opinion of the Supreme Court, the question of whether the defendant driver's negligence was a proximate cause of the accident was a question of fact for the jury. We reverse.

Subdivision (e) of Vehicle and Traffic Law § 1180, when read in conjunction with subdivision (a), does not mandate that a driver reduce his or her speed at every intersection, but only when warranted by the conditions presented (see, Loebig v Larucci, 572 F2d 81). Thus, the defendant driver's failure to reduce his speed did not violate the statute as a matter of law, and the question of whether the defendant driver was negligent was an issue of fact for the jury. We therefore reinstate the jury's verdict in favor of the defendants. Kunzeman, J. P., Sullivan and O'Brien, JJ., concur.

Eiber, J., dissents, and votes to affirm the order appealed from, with the following memorandum: The automobile accident in question occurred at the intersection of Nichols Road, a four-lane highway, and Mark Tree Road, in Centereach, Long Island. The plaintiff Linda Bagnato testified at the trial that she was proceeding northbound on Nichols Road when she turned left onto Mark Tree Road. Facing westward on Mark Tree Road, she stopped at a red traffic signal at an island on the grass median separating the north and southbound lanes of Nichols Road, and waited for a break in the southbound flow of traffic. As she crossed the southbound lanes of Nichols Road, her car was struck broadside by the defendants' vehicle. The defendant Robert Romano, the operator of the defendants' vehicle, testified that he observed the plaintiffs' car waiting at the median between the north and southbound lanes of Nichols Road before he reached the

intersection. He further testified that the plaintiffs' car pulled out into his path when he was already too close to avoid a collision.

The court's charge included an instruction that "[t]he driver of every vehicle shall * * * drive at an appropriate *reduced* speed when approaching and crossing an intersection" (Vehicle and Traffic Law § 1180 [e] [emphasis supplied]) and that a violation of that statute constitutes negligence *(see,* 1 NY PJI2d 157). The jury was then given two interrogatories: (1) whether the plaintiffs established by a clear preponderance of the credible evidence that the defendant Robert Romano was negligent, and (2) whether such negligence was the proximate cause of the plaintiff Linda Bagnato's injuries. The jury answered the first interrogatory in the negative and thus did not reach the issue of proximate cause. Upon the plaintiffs' motion, the court set aside the verdict.

The uncontroverted trial evidence showed that the defendant Robert Romano violated Vehicle and Traffic Law § 1180 (e). He testified that he was driving at between 45 and 50 miles per hour and admitted that he had not reduced his speed upon approaching the intersection at issue. His testimony in this regard was corroborated by his witness, a passenger in his car at the time of the accident. It is well settled that an unexcused violation of a statute constitutes negligence as a matter of law *(see, Martin v Herzog,* 228 NY 164; *Goode v Meyn,* 165 AD2d 436; *Gamar v Gamar,* 114 AD2d 487; *McConnell v Nabozny,* 110 AD2d 1060; Prosser and Keeton, Torts § 36, at 220-234 [5th ed]). Thus, the jury's verdict in favor of the defendants on the issue of negligence could not have been reached upon any fair interpretation of the evidence *(see, Salazar v Fisher,* 147 AD2d 470; *Nicastro v Park,* 113 AD2d 129), and the trial court properly set aside the verdict and granted a new trial.