■ David L. Marx, Respondent-Appellant, v Norman D. Pross et al., Appellants-Respondents. [603 NYS2d 84] —Casey, J. Cross appeals from a judgment of the Supreme Court (Doran, J.) in favor of plaintiff, entered February 28, 1992 in Schenectady County, upon a decision of the court, without a jury.

The accident which caused plaintiff's injuries occurred on State Route 7 in the Town of Niskayuna, Schenectady County. The vehicles of both parties were traveling in an easterly direction. Plaintiff's version has his vehicle traveling at a speed of 35 to 40 miles per hour in the passing lane when he saw the brake lights on defendants' vehicle immediately ahead. He observed defendants' vehicle suddenly and unexpectedly stop or almost stop, which caused plaintiff to downshift, strike the left rear of defendants' vehicle and veer into the lanes for westbound traffic, where plaintiff was struck

broadside by a westbound vehicle operated by Francis Mc-Guire. McGuire testified that he had a complete view of the parties' vehicles which were in the "curb lane" for eastbound traffic and that plaintiff's vehicle struck defendants' vehicle in the rear. The operator of another eastbound vehicle testified that there was no one in front of defendants' vehicle to impede its ability to proceed ahead.

In a nonjury trial Supreme Court concluded that the accident happened in the "curb lane" and that both parties were negligent in proximately contributing to the happening of the accident. The negligence of defendants consisted in suddenly stopping; the negligence of plaintiff in following defendants' vehicle too closely. Plaintiff's fault was assessed at 87.5% and defendants' fault at 12.5%. In view of the testimony offered, and considering this Court's scope of review in nonjury cases *(see, Ogle v State of New York,* 191 AD2d 878), we reject defendants' claim on this appeal that they were not negligent and we find the determination of Supreme Court concerning the apportionment of liability to be supported by the testimony.

As a result of the accident, plaintiff sustained a severe concussion which exacerbated a minimal brain disfunction that plaintiff had sustained in a prior accident. The decreased functioning of the brain was properly found to be a permanent loss of a body function, as was a weakening of the right side of plaintiff's body which will prevent plaintiff's full-time employment. Plaintiff, a 30-year-old male, has a work expectancy of 29.2 years and a life expectancy of 44 years. Plaintiff was confined in the hospital from July 27, 1988 through November 18, 1988 and to his home for several months thereafter. As reduced by plaintiff's degree of fault, Supreme Court awarded plaintiff the total sum of $39,812.50, which consisted of a diminution of earnings of $23,562.50 and pain and suffering and past and future disability in the amount of $16,250. Based on the evidence credited by Supreme Court, we find that the award of damages does not deviate materially from reasonable compensation *(see, Reed v Harter Chair Corp.,* 185 AD2d 547, 549-550). The judgment appealed from should therefore be affirmed.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.