■ JAIME McKENNEY et al., Infants, by WILLIAM McKENNEY, Their Father and Natural Guardian, et al., Appellants, v EUGENE ORZECHOWSKI et al., Defendants, and ALLEN L. CHAMBERLAIN, Respondent. [617 NYS2d 948] —White, J. Appeal from an order of the Supreme Court (Bradley, J.), entered May 3, 1993 in Ulster County, which granted defendant Allen L. Chamberlain's motion for summary judgment dismissing the complaint and all cross claims against him.

This negligence action arises out of a head-on collision that occurred on November 23, 1989 in the Town of Rochester, Ulster County. Following the pretrial depositions of the parties, defendant Allen L. Chamberlain (hereinafter defendant) moved for summary judgment dismissing plaintiffs' complaint and all cross claims against him. Supreme Court granted the motion prompting this appeal by plaintiffs.

A defendant seeking summary judgment has the initial burden of coming forward with admissible evidence showing that the cause of action has no merit (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967). Once this burden is satisfied, the party opposing the motion must demonstrate by admissible evidence the existence of a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 560).

Defendant's proof showed that he was proceeding about 30 miles per hour in the northbound lane of a two-lane road and that the vehicle operated by defendant Debra A. McKenney, in which the infant plaintiffs were riding as passengers, was proceeding in the southbound lane. About two seconds before the impact, defendant noticed plaintiffs' vehicle, which apparently had hit a patch of ice, angling toward his side of the road. At that point, defendant attempted to avoid a collision by turning right onto the shoulder. The infant plaintiffs corroborated defendant's version of the accident as they agreed that only "three seconds" or "a couple of seconds" elapsed between the time their car started to drift into defendant's lane and the impact with defendant's vehicle. We note that this proof negates plaintiffs' argument that, since defendant could see 100 feet ahead of him, he had sufficient time to avoid the collision.

With this proof showing that plaintiffs' vehicle suddenly drifted over into his lane of traffic, defendant established his freedom from negligence as a matter of law (see, Gouchie v Gill, 198 AD2d 862). Accordingly, since plaintiffs did not

satisfy their burden on the motion, Supreme Court properly awarded summary judgment to defendant *(see, White v La France,* 203 AD2d 765; *Cohen v Masten,* 203 AD2d 774).

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.