■ CANDACE G. WILKE, Respondent, v LUCILE K. PRICE et al., Appellants. [633 NYS2d 686] —Crew III, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 6, 1995 in Schenectady County, which granted plaintiff's motion for partial summary judgment on the issue of liability.

This action arises out of a motor vehicle accident that occurred on September 3, 1992 at the intersection of State Route 146 and Tallow Wood Drive in the Town of Clifton Park, Saratoga County. Prior to the accident, plaintiff was traveling westbound on Route 146 in the left lane and defendant Lucile K. Price, operating a vehicle owned by defendant Warren C. Reeves, was stopped at the intersection of Route 146 and Tallow Wood Drive, awaiting the opportunity to turn east onto Route 146. As plaintiff approached the intersection, Price pulled out into traffic and struck plaintiff's vehicle. Price subsequently was charged with and pleaded guilty to failing to

yield the right of way in violation of Vehicle and Traffic Law § 1142 (a). Plaintiff thereafter commenced this personal injury action and, following joinder of issue and discovery, moved for partial summary judgment on the issue of liability. Supreme Court granted plaintiff's motion and this appeal by defendants followed.

Although defendants argue on appeal that the record raises a question of fact as to plaintiff's comparative negligence, we cannot agree. The crux of defendants' claim is that plaintiff could have avoided the accident had she sounded her horn, reduced her speed or otherwise maneuvered her vehicle. Defendants testified at their respective examinations before trial, however, that they never saw plaintiff's vehicle until they hit it. Similarly, plaintiff testified that she only caught a glimpse of the Price vehicle once it began to make its turn and that it struck her vehicle almost instantly. Thus, it is apparent that the accident occurred within a matter of seconds and that there simply was not sufficient time for plaintiff to take evasive action (*see, Fuller v Blackbird*, 211 AD2d 886, 887; *Bavaro v Martel*, 197 AD2d 813; *compare, Gaeta v Morgan*, 178 AD2d 732, 734).

As for defendants' contention that plaintiff, who was traveling within the posted speed limit at the time of the accident, failed to reduce her speed as she approached the intersection in violation of Vehicle and Traffic Law § 1180 (e), we note that this provision, read in conjunction with Vehicle and Traffic Law § 1180 (a), "does not mandate that a driver reduce his or her speed at every intersection, but only when warranted by the conditions presented" (*Bagnato v Romano*, 179 AD2d 713, 714, *lv denied* 81 NY2d 701), and there is no proof to support defendants' speculative and conclusory assertion that such a reduction in speed was warranted here (*see, Stinehour v Kortright*, 157 AD2d 899, 900; *compare, Bagnato v Romano, supra*). Supreme Court's order should, therefore, be affirmed.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.