■ STEVEN SEIGEL et al., Appellants, v CONGREGATION ZICHRON SHMUEL, INC., Respondent. [640 NYS2d 678] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Miller, J.), entered November 23, 1994 in Rockland County, which granted defendant's motion for summary judgment dismissing the complaint.

---

At approximately 8:00 A.M. on a winter day, plaintiff Steven Seigel slipped and fell on ice that had accumulated on an exterior stairway located on premises owned by defendant and leased to Seigel's employer. It had neither rained nor snowed the evening before the accident. Seigel stated that the weather was clear when he looked from his window that morning between 7:00 A.M. and 8:00 A.M., but a weather report indicates that freezing rain fell in the area from 2:00 A.M. to 9:00 A.M. that day. Seigel and his wife commenced this personal injury action to recover damages which arise out of the injuries sustained by Seigel when he fell. After issue was joined and discovery was completed, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs now appeal.

We affirm. It is well settled that "an out-of-possession landlord is not liable for conditions upon the land after transfer of possession and control" (*Kinner v Corning, Inc.*, 190 AD2d 977; *see, De Brino v Benequista & Benequista Realty*, 175 AD2d 446). There is no evidence that defendant assumed the duty, by contract or by course of conduct, to keep the stairwells free of ice or snow (*see, Del Giacco v Noteworthy Co.*, 175 AD2d 516, 518). Assuming the existence of such a duty, there is no competent proof from which it can be inferred that defendant had actual or constructive knowledge of the icy condition or that the condition existed for a sufficient period of time to allow defendant's personnel to discover and remedy the problem (*see, Decker v Smith*, 217 AD2d 776; *Byrd v Church of Christ Uniting*, 192 AD2d 967, 969).

Plaintiffs claim that defendant had notice of a defective condition on the property, namely the lack of an enclosure on the stairway that would have allegedly kept frozen precipitation off the stairs. There is, however, no proof in the record other than self-serving or conclusory statements to demonstrate that defendant was specifically put on notice of any prior accumulation of ice on the stairway or that the absence of a covering for the stairway constituted a defect or deviation from industry norms (*see, Buckowski v Smith*, 185 AD2d 556, 557, *lv denied* 80 NY2d 762; *Del Giacco v Noteworthy Co., supra*, at 518).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.