■ JANICE MIESING, Individually and as Parent and Guardian of MARC L. MIESING, an Infant, Appellant, v MARJORIE WHINNERY et al., Respondents, et al., Defendants. [649 NYS2d 246] —Mercure, J. P. Appeal from an order of the Supreme Court (Keniry, J.), entered May 12, 1995 in Saratoga County, which granted a motion by defendants Marjorie Whinnery and Daniel Whinnery for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff brought this action to recover for injuries sustained by her son, Marc, in a June 24, 1992 accident that occurred at the intersection of Clifton Park Center Road and the south access road to the Shenendehowa Central School campus in the Town of Clifton Park, Saratoga County. At the time, Marc was on his way home from school, riding his bicycle in a southerly direction on the access road. As he approached its terminus at a "T" intersection with Clifton Park Center Road, he observed a school bus in front of him, stopped at a stop sign waiting for traffic to clear. Marc passed to the right of the stationary school bus, neither stopped at the stop sign nor looked to his left and proceeded into the intersection, where he was struck by a vehicle operated by defendant Marjorie Whinnery (hereinafter defendant), which had entered the intersection from the east. Following joinder of issue and discovery, defendant and her husband, defendant Daniel Whinnery, moved for summary judgment dismissing the complaint and all cross claims against them. Supreme Court granted the motion and plaintiff now appeals.

We affirm. The uncontroverted evidence adduced on the motion, including the deposition testimony of nonparty eyewitnesses, established that defendant had the right-of-way, was

driving her vehicle at a rate of speed that was well within the posted limit, that Marc first came into her view at a time when he was no more than 10 feet from the front of her vehicle and that defendant immediately applied her brakes but was unable to avoid striking Marc. Under the circumstances, we agree with Supreme Court's conclusion that there was no evidence to support a finding that defendant failed to use reasonable care in the operation of her vehicle or that she could have avoided the accident (*see, Wilke v Price*, 221 AD2d 846, 847; *Hornacek v Hallenbeck*, 185 AD2d 561, 562; *cf., Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952). We are not at all persuaded by plaintiff's efforts to impose upon defendant the duty to stop or sound her horn before entering the intersection (*see, Wilke v Price, supra*), or to impute liability by virtue of defendant's age and the fact that she wears eyeglasses.

White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.