◼ MARSHA EL SHAMMAA et al., Respondents, v JOHN M. PARENT, Individually and Doing Business as DQNNY, LTD., et al., Appellants, et al., Defendant. [654 NYS2d 437] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 21, 1996 in Franklin County, which, *inter alia*, denied a motion by defendants John M. Parent and Affiliated Food Services, Inc. for summary judgment dismissing the complaint against them.

Plaintiff Marsha El Shammaa (hereinafter plaintiff) and her husband, derivately, husband and wife, sued defendants John M. Parent and Affiliated Food Services, Inc. (hereinafter AFS) as owners of certain property known as Jon's Plaza, located in the Town of Malone, Franklin County. The complaint alleges that on November 21, 1990, plaintiff slipped and fell on a walkway located in front of the property on an ice patch which constituted a dangerous condition of which defendants had notice. The complaint alleges that defendants allowed the ice to exist through their negligence, causing serious injury to plaintiff.

Parent and AFS (hereinafter collectively referred to as defendants) sought summary judgment of dismissal and plaintiffs cross-moved to correct "DANNY Ltd." to "DQNNY Ltd." Supreme Court denied the motion for summary judgment finding that questions of fact existed as to the various

defendants' negligence. The cross motion was granted, the title was amended and plaintiff's counsel was relieved from representing the husband. This appeal ensued.

The record indicates that Parent owned the building. It contained three stores: a catalog merchant of defendant J.C. Penney, owned and operated by DQNNY, Ltd.; the Jug Store owned by AFS; and Tri-Lakes Medical. DQNNY and AFS are owned by Parent and were incorporated entities.

Parent contends that summary judgment should have been granted to him as an out-of-possession landlord who has delegated by written lease the responsibility of maintaining the premises, including snow and ice removal, to his tenants. The movant in a summary judgment motion must establish as a matter of law entitlement to the judgment he requests (*see, Matter of Zuckerman v City of New York*, 49 NY2d 557, 562). If the initial burden is satisfied by the movant, "the party opposing the motion must demonstrate by admissible evidence the existence of a triable issue of fact" (*McKenney v Orzechowski*, 208 AD2d 1149).

We agree with Supreme Court that plaintiffs have raised several questions of fact requiring a trial and summary judgment is thus not appropriate. The record indicates that DQNNY was the corporate entity which entered into a lease agreement and operated the J.C. Penney store. DQNNY was wholly owned by Parent. Although the lease required the lessee to maintain the sidewalk, the record indicates that Parent continued to maintain the sidewalk. It is unclear in what capacity Parent acted—as owner or as sole shareholder of DQNNY.

Though there is no proof that Parent, as owner, had actual or constructive notice of a dangerous ice condition, the record discloses that he designed the building and had it built without the benefit of gutters. The ice which formed was located within the area where customers complained of water falling from the roof. The presence of ice below the gutterless roof raises a question of fact as to causation and Parent's responsibility as the designer of the building which was built under his direction and over which he continued control. A landlord may be held responsible for defects on the premises over which he retains control (*see, Webb v Audi*, 208 AD2d 1122). We thus conclude that summary judgment was properly denied to Parent, to J.C. Penney (obliged under the lease to keep the sidewalks clear) and to DQNNY (the corporate owner of J.C. Penney). Plaintiff has also established the time of her fall and thus raised an issue of fact as to whether these defendants had a reasonable time to correct the icy conditions.

As to AFS, plaintiffs failed to submit proof that it had notice of the icy condition, that it caused the condition or had a duty to maintain the area. Further, AFS established that it leased a portion of the building separate and apart from where plaintiff fell. Summary judgment should have been granted in favor of AFS.

Defendants also sought, as alternative relief, dismissal of plaintiff's claim for lost wages, which was denied by Supreme Court. Defendants contend that the record demonstrates that plaintiff failed to establish any proof upon which a jury could award any lost wages or earnings. We disagree. Plaintiff has supported her claim with proof that she was immobilized after the accident and continues to be bothered intermittently with a chronic condition which affects her ability to work. We find the motion premature and affirm Supreme Court's ruling that a question of fact exists for resolution at trial.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion with regard to defendant Affiliated Food Services, Inc.; motion granted to that extent, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.