■ HELEN K. ANASTASIO et al., Appellants, v PATRICIA SCHEER et al., Respondents. [658 NYS2d 467] —Mercure, J. Appeals (1) from an order of the Supreme Court (Czajka, J.), entered February 16, 1996 in Albany County, which granted defendants' motion for a directed verdict, and (2) from the judgment entered thereon.

Plaintiffs commenced this action to recover for injuries sustained by plaintiff Helen K. Anastasio (hereinafter plaintiff) in an August 15, 1990 motor vehicle accident at the intersection of Hillcrest Avenue and Berkshire Boulevard in the City of Albany. At the time of the accident, plaintiff was traveling in a northbound direction on Hillcrest Avenue and defendant Patricia Scheer (hereinafter defendant) was operating her vehicle in an eastbound direction on Berkshire Boulevard. When plaintiff came to the intersection, which was controlled by a stop sign for traffic on Hillcrest Avenue only, she first brought her car to a full stop and then, because her view to the left (west) was obstructed by hedges, a mailbox, a telephone pole and a number of parked cars, inched forward and came to a second stop. Plaintiff then proceeded into the intersection, directly into the path of defendant's vehicle, which struck plaintiff's vehicle on the left side. Ultimately, the action came on for trial and, at the end of plaintiffs' case, Supreme Court granted defendants' motion for a directed verdict and dismissed the complaint. Plaintiffs appeal.

We agree with Supreme Court's conclusion that, viewing the evidence in the light most favorable to plaintiffs, there was no

evidence from which the jury could reasonably conclude that defendants were in any part liable for the accident (*see, Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202; *Matter of Soltys*, 199 AD2d 846, 847, *lv denied* 83 NY2d 754; *Van Syckle v Powers*, 106 AD2d 711, 713, *lv denied* 64 NY2d 609). We accordingly affirm. The evidence adduced at trial establishes plaintiff's clear violation of Vehicle and Traffic Law § 1142 (a), which requires that a vehicle at a stop sign yield the right-of-way to any other vehicle that is approaching so closely to the intersection as to constitute an immediate hazard during the time that the former is moving across or within the intersection (*see, Weiser v Dalbo*, 184 AD2d 935, 936, *lv dismissed* 80 NY2d 925; *Hernandez v Joseph*, 143 AD2d 632; *Lester v Jolicofur*, 120 AD2d 574).

In addition, there was no evidence of any culpable conduct on defendant's part. Plaintiffs' speculation that defendant may have contributed to the accident by failing to anticipate that plaintiff might improperly pull into traffic or to take appropriate evasive action is insufficient to raise an issue of fact (*see, Miesing v Whinnery*, 233 AD2d 551; *Peck v Dygon*, 224 AD2d 744, 745; *Wilke v Price*, 221 AD2d 846). The record discloses no condition that would have required defendant to reduce her speed as she approached the intersection (*see*, Vehicle and Traffic Law § 1180 [e]; *Wilke v Price, supra*; *Bagnato v Romano*, 179 AD2d 713, 714, *lv denied* 81 NY2d 701) or evidence that defendant had any opportunity to avoid the collision. Rather, it was defendant's uncontroverted testimony that she never saw plaintiff before the accident and had no time to apply her brakes or to turn her steering wheel (*see, Wilke v Price, supra*; *McKenney v Orzechowski*, 208 AD2d 1149; *Cohen v Masten*, 203 AD2d 774, 775-776, *lv denied* 84 NY2d 809).

Plaintiffs' additional contentions have been considered and found unavailing.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.