■ EDWARD MATTERA, Respondent, v AVIS RENT A CAR SYSTEM, INC., Respondent, and CITY OF NEW YORK et al., Appellants. (Action No. 1.) JEREMIAH KELLEHER, Respondent, v CITY OF NEW YORK et al., Appellants, and EDWARD MATTERA et al., Defendants. (Action No. 2.) [665 NYS2d 94] —In related actions to recover damages for personal injuries, the defendants City of New York and Edward Snow in Action No. 1 and the defendants City of New York, New York City Police Department, and Edward Snow in Action No. 2 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated April 8, 1996, as granted the separate motions of the plaintiff in Action No. 1, Edward Mattera, and the plaintiff in Action No. 2, Jeremiah Kelleher, for summary judgment against them on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Jeremiah Kelleher, a New York City police detective, was a passenger in a car driven by another detective, Edward Snow, responding to the scene of a buy-and-bust operation where a suspect was being held. Snow made a left turn and was struck by an oncoming vehicle driven by Edward Mattera. The detectives' car was unmarked and had no flashing lights or sirens operating.

The Supreme Court properly concluded that Snow's conduct in making a left turn in front of Mattera's oncoming vehicle was negligent as a matter of law (*see*, Vehicle and Traffic Law § 1141; *Lester v Jolicofur*, 120 AD2d 574; *Kiernan v Edwards*, 97 AD2d 750; *see also*, *Nunziata v Birchell*, 238 AD2d 555). On these facts, the privilege afforded to operators of authorized emergency vehicles engaged in an emergency operation pursuant to Vehicle and Traffic Law § 1104 is inapplicable (*cf.*, *Williams v City of New York*, 240 AD2d 734); this was not such an emergency operation (*cf.*, *Mulligan v City of New York*, 245 AD2d 277 [decided herewith]).

The appellants' remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.