■ JAMES COOPER, Appellant, v FREDERIC BOGEL et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. CITY OF ITHACA, Third-Party Defendant, and DONOHUE-HALVERSON, INC., Third-Party Defendant-Respondent. [667 NYS2d 776] —Peters, J. Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered April 24, 1997 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint, (2) the judgment entered thereon, and (3) from an order of said court, entered April 24, 1997 in Tompkins County, which granted a motion by third-party defendant Donohue-Halverson, Inc. for summary judgment dismissing the third-party complaint against it.

Defendants are the owners of a private residence located in the City of Ithaca, Tompkins County. In late December 1992, defendants temporarily relocated to London, England, and resided there until August 1993. While out of the country, they leased their home to three graduate students and asked a friend and neighbor, Marilyn Reycroft, to check on their house periodically. Defendants gave Reycroft their keys prior to their departure.

On January 10, 1993, plaintiff telephoned the Ithaca Police Department when he observed water coming from defendants' home. At or about the same time, the tenants phoned Reycroft to inform her of this problem, prompting her to call third-party defendant Donohue-Halverson, Inc., a plumbing business, to alleviate the problem. On January 13, 1993, Craig Cundy, an employee of Donohue-Halverson, performed plumbing repairs at the residence after gaining access from Reycroft. Cundy found that the sump-pump was pumping water out of the basement into a footer drain and that water was seeping back into the basement through the wall, causing it to flood. He temporarily repaired the problem by attaching a hose to the pump and placing the open end into the sewer vent to drain the wa-

ter. At such time, however, he informed Reycroft that the repairs were only temporary, that the water could not be pumped out of the basement onto the "sidewalk or the lawn because it [would] cause a hazard", and that the footer drain had to be excavated as soon as possible to permanently alleviate the problem. Reycroft advised defendants of the problem and forwarded the Donohue-Halverson bill.

Approximately one month later, plaintiff fell on a patch of ice that had formed on the sidewalk adjacent to defendants' residence. After the fall, plaintiff noticed a black hose running across the lawn in front of the home into the shrubbery, with water running along the length of the property where it pooled and froze on the sidewalk. Plaintiff testified that prior to his fall, he did not observe any ice in this area.

As a result of the injuries sustained, plaintiff commenced this action against defendants who later commenced a third-party action against Donohue-Halverson and the City of Ithaca. Both defendants and Donohue-Halverson successfully moved for summary judgment before Supreme Court, thus prompting these appeals.

While an "out-of-possession landlord is not liable for conditions upon the land after transfer of possession and control" (*Kinner v Corning, Inc.*, 190 AD2d 977; *see, Seigel v Congregation Zichron Shmuel*, 226 AD2d 913), where one "contracts to repair or maintain the property, [such out-of-possession landlord] may be liable for defects thereon" (*Webb v Audi*, 208 AD2d 1122; *see, El Shammaa v Parent*, 237 AD2d 684). Defendants, as the proponent of this motion, contend that they transferred full possession and control, along with the responsibility to remove snow and ice on the sidewalk, to their tenants by the lease agreement. Yet, our review of such agreement reveals no provisions addressing these issues. The record evidence further indicates that while small repairs were handled by Reycroft, major repairs, such as the sump-pump at issue, remained subject to defendants' prior approval before action was to be taken. Here, ample evidence exists demonstrating defendants' awareness that the water condition on their property was potentially hazardous and had only been repaired temporarily. In fact, after the subject occurrence, defendants authorized Reycroft to arrange for permanent repairs. Having failed to repair this condition prior to plaintiff's accident, we find that plaintiff has raised a triable issue as to whether these out-of-possession defendants should be held liable for plaintiff's injuries (*see, Arvanete v Green St. Realty*, 241 AD2d 909; *Webb v Audi, supra; Farrell v Prentice*, 206 AD2d 799; *cf., Seigel v Congregation Zichron Shmuel, supra*).

Moreover, since defendants may be deemed to have had knowledge of a condition on their property for over one month which may be found to have created or contributed to plaintiff's fall (see, *Du Pont v Town of Horseheads*, 163 AD2d 643; *Brady v Maloney*, 161 AD2d 879), we find that the dismissal of plaintiff's complaint was premature.

Having reviewed and dismissed defendants' further contentions, including that pertaining to the reinstatement of the third-party complaint against Donohue-Halverson, the order of Supreme Court entered April 24, 1997 granting defendants' motion for summary judgment and the judgment entered thereon must be reversed.

Mikoll, J. P., Crew III, White and Carpinello, JJ., concur. Ordered that the order granting defendants' motion for summary judgment and judgment entered thereon are reversed, on the law, with costs, and said motion denied. Ordered that the order granting the motion for summary judgment by third-party defendant Donohue-Halverson, Inc. is affirmed, without costs.