■ CHARLES PATERNOSTER, Respondent, v HARVEY E. DREHMER, Appellant. [688 NYS2d 778] —Graffeo, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered April 24, 1998 in Chemung County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action to recover damages for personal injuries allegedly caused by defendant's negligent operation of a motor vehicle in December 1995 at the intersection of Hoffman and Clinton Streets in the City of Elmira, Chemung County. As plaintiff entered the intersection in a westerly direction on Clinton Street, defendant, who was

traveling north on Hoffman Street, proceeded through a red light and collided with plaintiff's automobile. Following the accident, plaintiff complained of general musculoskeletal pain and was taken to the hospital. Approximately two weeks later, he was treated by his family physician and diagnosed with meralgia paresthetica. Plaintiff was referred to two physicians, including Theodore Kutzin, who treated him with a series of nerve blocks. Following a nonjury trial, Supreme Court found in favor of plaintiff and entered judgment in the amount of $56,473.72. Defendant now appeals.

Defendant initially contends that Supreme Court's finding that plaintiff sustained a "serious injury" as defined in Insurance Law § 5102 (d) was in error. As is relevant to this appeal, a serious injury is defined as a "permanent consequential limitation of use of a body organ or member; [or] significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). A neurologist, Daniel Britton, testified on behalf of plaintiff and opined that based on his examination and review of plaintiff's medical records, plaintiff suffered from meralgia paresthetica, which is essentially a pinched nerve at the crest of the hip. Britton detected hypersensitivity over the area of the lateral thigh based on a pin prick test, which the physician stated had both objective and subjective components. Although Britton acknowledged that plaintiff's condition was purely sensory and did not affect strength, he testified that it could be very painful, produce a great deal of sensitivity and restrict plaintiff's activities. Britton also concluded that this condition was related to the motor vehicle accident.

Plaintiff's treating physician, Dominic Romeo, concurred with Britton's diagnosis. In addition, he stated that plaintiff had undergone nerve block treatments with Kutzin to alleviate the pain associated with his condition. Although plaintiff experienced some relief, it was temporary and the pain and paresthesia returned after each treatment. Further, Romeo indicated that plaintiff was not able to perform many of his normal physical activities, including recreational activities. Plaintiff testified that virtually all of his activities were restricted by pain and both physicians testified that in light of his condition, such limitations were medically supported. Notably, defendant did not present any medical testimony to refute plaintiff's experts.

It is well settled that subjective complaints of pain, unsupported by objective medical evidence, are not sufficient to support a finding of "significant limitation" (*see, Scheer v Koubek*, 70 NY2d 678, 679; *Delaney v Lewis*, 256 AD2d 895, 896; *Rivera v Pula*, 173 AD2d 1000, 1001). While plaintiff's limitations in

this case are primarily premised on pain, based on the particular circumstances and evidence presented at trial, we find that the record supports a finding that he suffered from meralgia paresthetica. This diagnosis was not controverted and although it was founded, in part, on subjective complaints and the physicians' observations of plaintiff, there was sufficient testimony to support the diagnosis and to substantiate plaintiff's subjective complaints (*see*, *O'Sullivan v Atrium Bus Co.*, 246 AD2d 418, 420). Specifically, Britton, whose testimony was uncontradicted, indicated that the pin prick test had both objective and subjective elements manifesting plaintiff's injury (*cf.*, *Thomas v Drake*, 145 AD2d 687). Other objective medical tests performed on plaintiff yielded negative results, but Britton commented that such results were consistent with his diagnosis. Both experts also unequivocally opined that plaintiff was significantly physically limited. Hence, the unrefuted expert testimony established that the diagnosis was based partially on objective medical findings of an injury that resulted in a significant limitation and was not a mere recitation of plaintiff's complaints (*see*, *O'Sullivan v Atrium Bus Co.*, *supra*, at 420; *Weaver v Howard*, 206 AD2d 793; *Stanavich v Pakenas*, 190 AD2d 184, *lv denied* 82 NY2d 659; *Greenman v Poll*, 197 AD2d 502; *compare*, *Stowell v Safee*, 251 AD2d 1026). Plaintiff's testimony that he was restricted in the physical demands of his employment, unable to participate in recreational activities, and that virtually every undertaking had become extremely arduous and taxing was confirmed by sufficient medical evidence. Other nonmedical witnesses also described plaintiff's physical restrictions at his place of employment and in recreational settings. Upon review of the entire record, although there was no specific medical testimony regarding the permanence of plaintiff's condition, we find sufficient evidence existed to support Supreme Court's finding that plaintiff suffered a significant limitation of use of a body function or system (*see*, *Preston v Young*, 239 AD2d 729, 730-731).

Defendant's next contention, that Supreme Court erred in its finding that plaintiff was not comparatively negligent, is also unavailing. It is well established that a determination of comparative negligence is for the trier of fact (*see*, *Coutrier v Haraden Motorcar Corp.*, 237 AD2d 774, 776; *Lolik v Big V Supermarkets*, 210 AD2d 703, 704, *revd on other grounds* 86 NY2d 744). Here, the record reveals that a nonparty eyewitness testified that plaintiff had the right-of-way and that the accident occurred when defendant ran the red light. This witness further indicated that the light had turned red before the vehicle driven by defendant entered the intersection. There is

nothing in the record to suggest that plaintiff had a duty to sound his horn or apply his brakes in order to avoid the accident as asserted by defendant (see, Perez v Brux Cab Corp., 251 AD2d 157, 159-160; Anastasio v Scheer, 239 AD2d 823, 824; Miesing v Whinnery, 233 AD2d 551, 552; McGraw v Ranieri, 202 AD2d 725, 727).

We also disagree with defendant's assertion that Supreme Court abused its discretion in denying defendant's motion for a jury trial. A party served with a note of issue which does not contain a demand for a jury trial may obtain one by serving a demand upon plaintiff within 15 days after service of the note of issue (CPLR 4102 [a]). If a party fails to serve the demand within the applicable time period, the right to a jury trial is waived (CPLR 4102 [a]). Although a court may excuse a party from failing to comply with CPLR 4102 (a), it must be demonstrated that plaintiff will suffer no undue prejudice (see, CPLR 4102 [e]) and the decision as to whether to allow a defendant to have additional time in which to file a jury demand is within the sound discretion of the trial court (see, Roosa v Roosa, 248 AD2d 858). Here, defendant waited for more than 30 days to file his demand for a trial by jury and the return date of the motion to excuse the delay was the day of trial. Accordingly, we find no reason to disturb Supreme Court's decision on the motion.

Lastly, we reject defendant's contention that Supreme Court erred in awarding damages in the amount of $55,000, representing $20,000 for past pain and suffering and $35,000 for future pain and suffering for a period of 22 years, together with $1,472.73 in costs. The uncontested medical evidence adduced at trial indicates that as a result of his meralgia paresthetica condition, plaintiff experiences significant pain and sensitivity in his thigh and is not able to stand, exercise, or perform the normal physical activities he engaged in prior to the accident. Based on the foregoing, we find that the award of damages does not deviate materially from reasonable compensation (see, Marx v Pross, 197 AD2d 800, 801).

We have considered the remaining contentions of defendant and find them lacking in merit.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.