■ BRIAN McKEAVENEY et al., Appellants, v JENNIFER REIFFERT et al., Respondents, PAUL PESCA, Appellant, et al., Defendant. [702 NYS2d 318] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, and the defendant Paul Pesca separately appeals, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 18, 1998, as granted the respective motions of the defendants Frederick Hill and Jennifer Reiffert for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeal of the defendant Paul Pesca is dismissed as he is not aggrieved by the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiffs, with one bill of costs payable by the plaintiffs.

The infant plaintiff was injured when, without stopping or looking for traffic, he rode his bicycle out of a driveway onto a

street and collided with a vehicle owned by the defendant Frederick Hill and operated by the defendant Jennifer Reiffert. The Supreme Court properly granted Hill and Reiffert's separate motions for summary judgment.

Hill and Reiffert established their entitlement to judgment as a matter of law by submitting deposition testimony which demonstrated that the infant plaintiff came into Reiffert's view when he was no more than 20 feet from the vehicle. Reiffert immediately applied her brakes, but could not avoid the collision, which occurred within a matter of seconds. Contrary to the appellants' contention, no issue of fact as to whether Reiffert was negligent was raised by either the police accident report, a nonparty eyewitness's statement, or the affidavit of the appellant Pesca (*see, Schneider v American Diabetes Assn.,* 253 AD2d 807; *Miesing v Whinnery,* 233 AD2d 551; *Wilke v Price,* 221 AD2d 846). O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.