■ Diane Loweth et al., Plaintiffs, v Estate of Agnes Cusack, Appellant, et al., Defendants. (Action No. 1.) Thomas Cusack, Jr., et al., as Co-Executors of Agnes Cusack, Deceased, Appellants, v Diane Loweth, Respondent, et al., Defendants. (Action No. 2.) [708 NYS2d 720] —In two related actions to recover damages for personal injuries, etc. (Action No. 1), and for personal injuries and wrongful death (Action No. 2), which were joined for trial, the Estate of Agnes Cusack, a defendant in Action No. 1, and Thomas Cusack, Jr., and Constance McEnaney, as co-executors of the Estate of Agnes Cusack, the plaintiffs in Action No. 2, appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 10, 1999, which granted the motion of Diane Loweth, a defendant in Action No. 2, for reargument, and upon reargument, granted her motion for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against her.

Ordered that the appeal by the Estate of Agnes Cusack is dismissed, as it is not aggrieved by the order; and it is further,

Ordered that on the appeal by Thomas Cusack, Jr., and Constance McEnaney, the order is affirmed, with costs.

Agnes Cusack, driving westbound on Union Boulevard in Islip, without signaling, turned left approximately 12 to 15 feet in front of the respondent Diane Loweth's vehicle, which was traveling eastbound. Vehicle and Traffic Law § 1141 provides that a left-turning vehicle must yield the right of way to a vehicle approaching from the opposite direction (*see, Burns v Mastroianni*, 173 AD2d 754; *Lester v Jolicofur*, 120 AD2d 574). The evidence established that Cusack failed to yield the right of way to Loweth. In addition, contrary to the contentions of Thomas Cusack, Jr., and Constance McEnaney, the co-executors of Cusack's estate, Loweth's examination before trial testimony failed to raise triable issues of fact as to whether she acted reasonably under the circumstances, or whether she could have avoided the accident. Accordingly, the Supreme Court properly granted Loweth's motion for summary judgment dismissing the complaint in Action No. 2 insofar as as-

serted against her. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.