■ Joseph Criscione, Respondent, et al., Plaintiff, v City of New York et al., Appellants, et al., Defendant. [719 NYS2d 687] —In an action to recover damages for personal injuries, etc., the defendants City of New York and Thomas Perrone appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated September 30, 1999, which, upon a jury verdict finding them 100% at fault in the happening of the accident and awarding the plaintiff Joseph Criscione damages in the total sum of $1,000,000 ($225,000 for past pain and suffering and $775,000 for future pain and suffering), is in favor of the plaintiff Joseph Criscione and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Joseph Criscione, a New York City police officer, was a passenger in a police vehicle driven by another police officer, Thomas Perrone. While responding to a radio call involving a family dispute, the police vehicle was struck at an intersection by a civilian vehicle. At trial, Officer Perrone testified that under police department criteria in effect at the time, the call was classified as a "noncrime" and was not considered

an emergency. Furthermore, he had no other reason to perceive or consider the call as one that required an emergency response. Therefore, Officer Perrone did not turn on his turret lights or the siren in his car, and he did not increase his speed.

On these facts, we conclude that the Supreme Court properly determined that the issue of whether the police vehicle was involved in an emergency operation as defined by statute was a question for the jury (*see,* Vehicle and Traffic Law § 114-b; *Mattera v Avis Rent A Car Sys.,* 245 AD2d 274; *LaMotta v City of New York,* 130 AD2d 627). In addition, the Supreme Court's failure to instruct the jury on recklessness did not constitute error since the jury found that Officer Perrone was not involved in an emergency operation at the time the accident occurred. Further, under the circumstances, the Supreme Court did not err in failing to read the statutory language of Vehicle and Traffic Law § 114-b.

The jury's award of $225,000 for past pain and suffering, and $775,000 for future pain an suffering, does not deviate materially from what would be reasonable compensation for the plaintiff's injuries (*see,* CPLR 5501 [c]). Ritter, J. P., Friedmann, H. Miller and Smith, JJ., concur.