■ JULIUS LUPOWITZ, Appellant, v DANIEL E. FOGARTY, Respondent. [744 NYS2d 480] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 28, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, riding a motorcycle, was struck by the defendant in or around a "Y" shaped intersection in Nassau County. The plaintiff commenced this action and the defendant successfully moved for summary judgment.

The defendant made out a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). The defendant testified at his deposition that the accident occurred as he was entering the intersection. He testified that the plaintiff was traveling on a roadway controlled by a yield sign, so that it was his responsibility to give right-of-way to the defendant (see Vehicle and Traffic Law § 1142 [b]). The plaintiff was unable to recall the accident, so that any speculation on his part as to where the accident may have occurred was mere conjecture, and was insufficient to defeat the defendant's prima facie showing of entitlement to judgment (see Ryder v King Kullen Grocery Co., 289 AD2d 387; Cunneen v Hicksville Free Pub. Lib., 236 AD2d 357).

The plaintiff also failed to raise a triable issue of fact as to whether the defendant was negligent in failing to take evasive action to avoid the collision. The defendant testified at his deposition that only two seconds passed between the moment he first saw the plaintiff and the collision. Such a brief period of time in which to react is generally insufficient to raise a triable issue of fact with respect to a driver's failure to take evasive action (see Le Claire v Pratt, 270 AD2d 612; McKeaveney v Reiffert, 268 AD2d 411), and the plaintiff failed to raise an issue of fact in that regard.

Finally, the plaintiff failed to raise an issue of fact as to whether the defendant was negligent in failing to see the plaintiff when he was there to be seen. While a driver has the duty to see that which through the proper use of his senses he should have seen (see Botero v Erraez, 289 AD2d 274; Ferrara v Castro, 283 AD2d 392), the conduct of the plaintiff was unforeseeable. The defendant testified that he was watching

the intersection prior to the accident and that the plaintiff entered the intersection at a high rate of speed and in disregard of a yield sign (*see* Vehicle and Traffic Law § 1142 [b]; *Agin v Rehfeldt,* 284 AD2d 352; *Cenovski v Lee,* 266 AD2d 424). Thus, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Ritter, McGinity and Townes, JJ., concur.