■ IRENE C. KNIGHT et al., Respondents, v LAWRENCE SAWYER, Appellant and Third-Party Plaintiff-Appellant. CRAIG MOYLAN, Third-Party Defendant-Respondent. [762 NYS2d 458] —Appeal from an order of Supreme Court, Erie County (Lane, J.), entered June 6, 2002, which, inter alia, denied defendant's motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Irene C. Knight (plaintiff) when she slipped and fell on the stairway of a two-family residence owned by defendant-third-party plaintiff (defendant). Plaintiff's daughter and son-in-law, third-party defendant, rented the upper apartment. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint or, in the alternative, for an order granting indemnification from third-party defendant. With respect to that part of the motion seeking summary judgment dismissing the complaint, even assuming, arguendo, that defendant met his initial burden by submitting evidence establishing that it was snowing at the time of the accident (*see Siegel v Molino*, 236 AD2d 879 [1997]), we conclude that plaintiffs and third-party defendant raised a triable issue of fact by presenting "evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord" (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107 [1996]). Specifically, plaintiffs and third-party defendant submitted evidence that ice regularly formed on the stairway as the result of a leak in the roof and the absence of gutters in the front of the house, and that defendant had actual knowledge of that condition but took no steps to remedy it. With respect to the alternative request for an order granting indemnification, defendant failed to meet his initial burden of establishing that third-party defendant had undertaken the responsibility for snow and ice removal at the resi-

dence (*see Cooper v Bogel*, 246 AD2d 760, 761 [1998]; *cf. Doyle v B3 Deli*, 224 AD2d 478, 479 [1996]). Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.