■ REINA PENA, Plaintiff, v GREGORIO SANTANA, Defendant, and RAMON C. MALDONATO, Defendant and Third-Party Plaintiff-Respondent. ARSENIO PENA, Third-Party Defendant-Appellant. [774 NYS2d 744]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 10, 2003, as denied that branch of his motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the third-party complaint is granted, and the third-party complaint is dismissed.

The plaintiff, Reina Pena, was a passenger in a vehicle driven by the third-party defendant, Arsenio Pena (hereinafter the appellant), traveling south on 108th Street, which is a two-way street with one lane in each direction. The defendants' truck backed out of a driveway on the northbound side of 108th Street, crossed over the northbound lane and into the southbound lane, and struck the driver's side of the appellant's vehicle in the rear. The appellant was moving at the time of impact. The impact pushed his vehicle three feet forward.

The plaintiff commenced an action against the owner and driver of the truck and the defendant owner brought a third-party action against the appellant. After issue was joined in the third-party action, the appellant moved, inter alia, for summary judgment dismissing the third-party complaint. The Supreme Court denied the motion finding that there was an issue of fact as to whether the appellant should have seen the defendants' truck "at some time prior to the accident sufficient to afford Pena the opportunity to avoid the accident." We reverse insofar as appealed from.

The defendant driver, who was backing into the lanes of traffic, was obligated to follow Vehicle and Traffic Law § 1211 (a) which states that "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." The appellant, who was proceeding in the southbound lane of traffic, had the right-of-way.

A driver who has the right-of-way can be held negligent for failing to take evasive action. However, the driver must have sufficient time to act and the conduct of the other driver must be foreseeable (*see Lupowitz v Fogarty*, 295 AD2d 576 [2002]). The driver who has the right-of-way is "entitled to anticipate" compliance with the obligation to yield (*Le Claire v Pratt*, 270 AD2d 612 [2000]).

The appellant had no reason to anticipate that a truck would back out of a driveway across the northbound lane of traffic and into the southbound lane of traffic without yielding the right-of-way. Under the circumstances of this case, the question of whether the appellant could have taken evasive action involves pure speculation insufficient to defeat his motion for summary judgment (*see Lupowitz v Fogarty, supra*). Accordingly, the motion for summary judgment dismissing the third-party complaint should have been granted. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.