■ SUSAN DELUCA, Appellant, v JOEY F. CERDA et al., Defendants, and EMIL F. ONOLFI, Respondent. [875 NYS2d 520]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated December 31, 2007, as granted the motion of the defendant Emil F. Onolfi for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a passenger on a motorcycle driven by the defendant Emil F. Onolfi on Long Beach Road in Nassau County. The defendant Joey F. Cerda was operating a tow truck owned by the defendant No Limit Towing & Recovery, Inc., when he exited a parking lot, entered Long Beach Road, and collided with the motorcycle, causing the plaintiff to sustain serious injuries.

At his deposition, Cerda admitted that he only came to a "rolling stop," and did not see the motorcycle before entering Long Beach Road. An independent witness confirmed that the tow truck driver did not stop as he exited the parking lot. Onolfi testified at his deposition that he noticed the tow truck while it was in the parking lot and next saw it seconds before it collided with his motorcycle.

Onolfi made a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Rieman v Smith*, 302 AD2d 510 [2003]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]; *McKeaveney v Reiffert*, 268 AD2d 411 [2000]). As the driver who had the right-of-way, he was entitled to anticipate that Cerda would obey the traffic laws by coming to a complete stop before entering the roadway (*see Rak v Kossakowski*, 24 AD3d 1191 [2005]). In opposition to the motion, the plaintiff failed to raise an issue of fact as to whether Onolfi, who had only seconds in which to react to the situation, was negligent in failing to avoid the collision (*see Batts v Page*, 51 AD3d 833 [2008]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]; *Le Claire v Pratt*, 270 AD2d 612 [2000]; *McKeaveney v Reiffert*, 268 AD2d 411 [2000]). Although the plaintiff suffers from amnesia as a result of the accident, and thus is not held to as high a degree of proof, she is not relieved of the obligation to provide some proof from which negligence can reasonably be inferred, which she failed to do (*see Noseworthy v City of New York*, 298 NY 76 [1948]; *Blanco v Oliveri*, 304 AD2d 599 [2003]; *Albinowski v Hoffman*, 56 AD3d 401 [2008]; *Jose v Richards*, 307 AD2d 279, 280 [2003]).

Accordingly, the Supreme Court properly granted Onolfi's motion for summary judgment dismissing the complaint insofar as asserted against him. Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.