In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of Supreme Court, Nassau County (Murphy, J.), dated August 25, 2011, which, upon a jury verdict on the issue of liability finding the defendant 100% at fault in the happening of the accident, and upon a jury verdict on the issue of damages awarding the plaintiff Giuseppe Rabito the principal sums of only $25,000 for past pain and suffering and $30,000 for future pain and suffering and the plaintiff Marlene Rabito the principal sums of only $5,000 for past loss of services and $5,000 for future loss of services, is in favor of them and against the defendant in only those principal sums.
Ordered that the judgment is affirmed, with costs.
Contrary to the plaintiffs’ contention, there is no evidence to *799 show that the verdict was an impermissible compromise (cf. Califano v Automotive Rentals, 293 AD2d 436 [2002]; Rivera v City of New York, 253 AD2d 597 [1998]). The jury was presented with conflicting evidence and theories as to the cause of the injuries of the injured plaintiff, Giuseppi Rabito, and whether his preexisting injuries were exacerbated by the subject accident.
Further, the plaintiffs’ failure to object to the verdict sheet constitutes a waiver of their claim that the interrogatories were impermissibly general (see CPLR 4110-b; Brown v Stark, 205 AD2d 725 [1994]). The damages awarded for past and future pain and suffering did not materially deviate from what would be considered reasonable compensation (see CPLR 5501 [c]; Paternoster v Drehmer, 260 AD2d 867 [1999]).
The plaintiffs’ remaining contentions are without merit. Angiolillo, J.P, Chambers, Hall and Roman, JJ., concur.