■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AZAD VEGA, Appellant. — Appeal from a judgment of the County Court of Broome County, rendered July 11, 1978, upon a verdict convicting defendant of the crime of assault in the first degree. On August 17, 1977, defendant, a student at the State University of New York at Binghamton, and his companion, were stopped by a State trooper while hitchhiking on Interstate 81 in Kirkwood, New York. Apparently, the trooper stopped the two men because they were violating section 1157 of the Vehicle and Traffic Law which prohibits the soliciting of rides on roadways. After some furtive gestures by defendant, the trooper pat-searched him and also searched his valise wherein he found a "chukka stick" and a small quantity of marihuana. An altercation ensued and as a result defendant was arrested and indicted for

two counts of assault in the first degree, criminal possession of a weapon in the fourth degree and criminal possession of marihuana in the fifth degree. In February, 1978, after defendant was indicted and after counsel had been assigned, defendant's mother wrote a letter to the President of the United States alleging that as a result of the above-described incident the civil rights of her son had been violated. The President referred the grievance to the Department of Justice, Civil Rights Division, and an investigation followed. On February 16, 1978, FBI agent Steven Heubeck questioned defendant at the FBI's New Rochelle office. Without the consent or aid of his assigned counsel, defendant made an inculpatory statement to the agent concerning his arrest, which was later admitted at trial over defense counsel's objection. On May 22, 1978, that part of the indictment charging defendant with possession of marihuana and possession of a dangerous weapon was dismissed after the County Court granted defendant's motion to suppress the marihuana and chukka stick as fruits of an illegal search. After a jury trial, defendant was acquitted of intentional assault (Penal Law, § 120.10, subd 1), but convicted for reckless assault (Penal Law, § 120.10, subd 3). This appeal ensued. Defendant contends, *inter alia,* that his inculpatory statement made to agent Heubeck of the FBI should have been suppressed at trial since the questioning was conducted without the knowledge or consent of his assigned counsel. We agree. In *People v Townes* (41 NY2d 97), a case remarkably similar to this case in factual detail, a defendant was indicted and assigned counsel before he initiated an investigation by the New York City Civilian Complaint Board complaining that he was the victim of police misconduct on the night of the incident leading to his arrest. As a result, a police officer interviewed the defendant with defendant's consent but without the presence or consent of his counsel. When faced with the issue of the admissibility of defendant's statement, the Court of Appeals held that defendant's incriminating statement, made in the absence of his attorney and during the course of an interview before the review board, was obtained in violation of his constitutionally mandated right to counsel and that, therefore, it should have been suppressed (pp 104-105). Similarly, in the instant case, defendant's statement to agent Heubeck should have been suppressed (see *People v Roberson,* 41 NY2d 106). Moreover, the fact that defendant's statement was taken by an agent of the FBI and not by a member of the New York State Police does not render defendant's incriminating statement voluntary. The same factual circumstances which were relevant to the underlying crime were necessarily subject to interrogation by the FBI agent. This amounted to violation of defendant's right to counsel regardless of who conducted the questioning (cf. *People v Townes, supra;* see *People v Skinner,* 52 NY2d 24). We are also of the view that there was a reasonable possibility that the incriminating statement contributed to defendant's conviction and thus its admission at trial constituted prejudicial error (see *People v Crimmins,* 36 NY2d 230, 237). Accordingly, we need not reach defendant's other contentions. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.