■ BERNARD M. HAZELTON et al., Respondents, v JEFFREY R. BROWN et al., Appellants. [669 NYS2d 769] —Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 3, 1997 in St. Lawrence County, which denied defendants' motion for partial summary judgment on the issue of "serious injury" and granted plaintiffs' cross motion for partial summary judgment on the issue of liability.

On July 5, 1995 plaintiff Bernard M. Hazelton (hereinafter plaintiff), a 41-year-old postal worker, was injured in an automobile accident when defendant Jeffrey R. Brown (hereinafter defendant) failed to stop or yield the right-of-way prior to entering an intersection. Contending that he immediately felt pain in his right ankle upon braking to avoid the accident, plaintiff commenced this action in May 1996 on behalf of himself and his wife, derivatively.

After joinder of issue, defendants moved for summary judgment contending that plaintiff's injury failed to constitute a "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiffs cross-moved for summary judgment on the issue of liability. Supreme Court denied defendants' motion and

granted plaintiffs' cross motion, prompting this appeal. We affirm.

Plaintiff's injuries to his right ankle date back to 1987. At such time, plaintiff sprained his right ankle by slipping on ice while delivering mail on his 10-mile walking route. While that injury only required the use of an ace bandage and placement on light duty, the same ankle was reinjured in 1989 in the same manner. This time, plaintiff was not placed on restricted duty and continued to work a full 40-hour week. In November 1992, plaintiff again sprained his ankle and was sent for physical therapy. Although again not restricted from working, the sprain bothered him for approximately three weeks thereafter. Contending that the November 1992 sprain had fully resolved, his ankle was again reinjured in January 1993 when plaintiff stepped out of his automobile. This sprain required his placement on light duty until March 1995. While light duty commenced with simply sorting the mail, plaintiff ultimately progressed, without pain or swelling, in May 1995 to the resumption of his work week and the full panoply of his postal duties, including the delivery of mail on his 10-mile walking route.

After the July 1995 accident and four weeks of bed rest, plaintiff was instructed by his long-term orthopedic surgeon, Bedros Bakirtzian, that he could return to work on light duty, specifically prohibiting his resumption of walking the 10-mile mail route. He thereafter treated plaintiff on 11 separate occasions which included a laced-ankle brace, a prescription for Voltaren, an MRI and a cortisone injection to relieve chronic pain. Throughout these examinations, Bakirtzian found weakness on eversion and inversion of the right ankle, swelling and tenderness, with a diagnosis of chronic sprain. Upon further noninvasive efforts and plaintiff's continued report of pain, Bakirtzian opined, by May 1996, that based upon a reasonable degree of medical certainty plaintiff was permanently disabled and would not be able to return to his employment as a mail carrier. He further opined that as a result of this accident, plaintiff suffered from a chronic ankle sprain which precluded him from engaging in extensive walking, especially on uneven ground. Bakirtzian further opined, with a reasonable degree of medical certainty, that this accident caused plaintiff to suffer a "permanent consequential limitation of use of his right ankle". On behalf of defendants, plaintiff was sent to be examined by Christopher Horn, an orthopedic surgeon, who opined in his report that plaintiff's "current condition might be described as an aggravation of a pre-existing problem rather than a separate entity".

Finding defendants' proffer of Horn's affirmation indicating his opinion that plaintiff "returned to his pre-accident condition", coupled with, *inter alia*, the medical reports he annexed, to constitute prima facie proof that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) (*see, Decker v Stang*, 243 AD2d 1033, 1034), we review plaintiff's proffer and find, as did Supreme Court, that competent objective medical evidence has been tendered to raise an arguable issue of fact as to whether plaintiff's injury constitutes a "serious injury" within the meaning of Insurance Law § 5102 (d).

Our determination is based upon a comparison of the preinjury and postinjury MRIs, as well as the affidavit and medical reports of Bakirtzian, all of which indicate that despite the extensive history of prior injury to plaintiff's right ankle, it is arguable that the ankle was asymptomatic prior to July 1995. In the opinion of plaintiff's medical expert, the accident caused a substantial exacerbation of such prior injury which now constituted a "permanent disability" as well as a "permanent consequential limitation of use of his right ankle". Upon this proffer, we must conclude that Supreme Court correctly determined that an arguable question of fact has been raised as to whether plaintiff has suffered a "serious injury" within the meaning of Insurance Law § 5102 (d).

We further find no error in Supreme Court's determination concerning liability. Defendant did not dispute that he went through a stop sign, did not see plaintiff's vehicle and did not slow down or yield the right-of-way prior to entering the intersection. Although defendant contends that the road was curved and that his visibility was obstructed, the undisputed evidence of plaintiff's attempt to stop upon his observation that defendant was defying all traffic laws undercuts any theory upon which we could find any wrongdoing on plaintiff's part. Since "an operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260; *see, Anastasio v Scheer*, 239 AD2d 823), summary judgment was properly granted to plaintiffs on this issue.

The order of Supreme Court is therefore affirmed in its entirety.

Mercure, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.