■ JAMES H. MATT et al., Appellants, v TRICIL (N. Y.), INC., et al., Respondents. [687 NYS2d 828] —Carpinello, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 15, 1998 in Broome County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

This action arises out of a collision at the intersection of Airport Road and Commercial Drive in the Town of Maine, Broome County, between an automobile operated by plaintiff James H. Matt (hereinafter plaintiff) and a garbage trucked owned by defendant Tricil (N. Y.), Inc. and operated by defendant Clinton B. Button, III. Button was traveling south on Airport Road when he observed plaintiff's vehicle proceed into the intersection from Commercial Drive. Button immediately applied his brakes to avoid colliding with plaintiff, to no avail. By his own admission, plaintiff failed to yield the right of way to Button in violation of Vehicle and Traffic Law § 1142 (a) (a stop sign was present on Commercial Drive controlling entry

onto Airport Road). Plaintiff and his wife, derivatively, commenced this action to recover for the injuries he sustained in the collision. Defendants' successful motion for summary judgment prompted this appeal.

We affirm. The evidence submitted in support of the motion, including the deposition testimony of Button and a nonparty eyewitness, established that Button had the right-of-way on Airport Road, that he was traveling between 40 and 45 miles per hour (below the 55 mile-per-hour posted speed limit) and that he immediately applied his brakes when he observed plaintiff's vehicle proceed into the intersection but was unable to avoid the collision. Under these circumstances, defendants established that the sole proximate cause of the accident was plaintiff's negligence, i.e., his failure to yield the right-of-way to oncoming traffic (see generally, Iwaszkiewicz v Callanan Indus., 258 AD2d 776; Peck v Dygon, 224 AD2d 744). To this end, we note that "an operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (Namisnak v Martin, 244 AD2d 258, 260).

Plaintiffs contend that Button was speeding and that this excess speed caused the accident. Any evidence that Button was speeding does not change the conclusion that plaintiff, in failing to yield the right-of-way, was solely responsible for the collision (see, id.). Nor are we at all persuaded by plaintiffs' efforts to impose a duty upon Button, under Vehicle and Traffic Law § 1180 (e), to reduce his speed or take other evasive action before entering the intersection (see, Wilke v Price, 221 AD2d 846). The record discloses no condition that would have required Button to reduce his speed as he approached the intersection (see, Vehicle and Traffic Law § 1180 [e]; Anastasio v Scheer, 239 AD2d 823; Bagnato v Romano, 179 AD2d 713, 714, lv denied 81 NY2d 701) or evidence that Button had any opportunity to avoid the collision (see, Hazelton v Brown, 248 AD2d 871, 873; Wilke v Price, supra, at 847; Hornacek v Hallenbeck, 185 AD2d 561, 562).

The parties' additional contentions have been considered and found unavailing.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.