■ Tina M. Mosch, Appellant, v Karen D. Hansen et al., Respondents, et al., Defendants. (And Two Other Related Actions.) [744 NYS2d 222] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered April 20, 2001 in Tompkins County, which granted motions by defendants Karen D. Hansen and Donna J. Herrera for summary judgment dismissing the complaint and all cross claims against them.

Plaintiff brought this action to recover for injuries she sustained in a July 6, 1998 vehicular collision at the intersection of Willow Avenue and Route 13, a four lane north-south highway in the City of Ithaca, Tompkins County. The accident took place as plaintiff, who was traveling eastbound on Willow Avenue, proceeded into the intersection against a red light at the direction of defendant William E. Park, an employee of defendant City of Ithaca, and was struck first by a vehicle driven by defendant Karen D. Hansen, who was traveling in the right southbound lane of Route 13, and then by a vehicle driven by defendant Donna J. Herrera, who was traveling in the left southbound lane of Route 13. It is undisputed that Hansen and Herrera (hereinafter collectively referred to as defendants) both entered the intersection under a green light and that plaintiff's view of oncoming southbound traffic was obstructed by vehicles parked or stopped along the west shoulder of Route 13. On the present appeal, plaintiff challenges Supreme Court's order granting defendants' motions for summary judgment dismissing the complaint against them, contending that the evidence raised material questions of fact as to whether defendants were driving at an excessive rate of speed and whether defendants violated Vehicle and Traffic Law § 1102 by failing to comply with a flagperson empowered to regulate traffic. We disagree and accordingly affirm.

As operators of vehicles having the right-of-way, defendants were entitled to expect that other vehicles would obey the traffic laws requiring them to yield (*see, Vogel v Gilbo*, 276 AD2d

977, 978; *Le Claire v Pratt*, 270 AD2d 612, 613; *Matt v Tricil [N.Y.], Inc.*, 260 AD2d 811, 813; *Hazelton v Brown*, 248 AD2d 871, 873). Furthermore, the record reveals that plaintiff's vehicle appeared so suddenly in the intersection as she emerged from Willow Avenue that evasive action on defendants' part was impossible (*see, Le Claire v Pratt, supra* at 613; *Anastasio v Scheer*, 239 AD2d 823, 824; *Cassidy v Valenti*, 211 AD2d 876, 877). Clearly, the very same vehicles that obstructed plaintiff's view of defendants' vehicles also obstructed defendants' view of plaintiff's vehicle and, in fact, of Park standing in the road directing traffic.

Contrary to plaintiff's claim, there is no competent evidence in the record raising a genuine factual issue as to defendants' violation of Vehicle and Traffic Law § 1180 (a) or (e). Vehicle and Traffic Law § 1180 "does not mandate that a driver reduce his or her speed at every intersection, but only when warranted by the conditions presented" (*Wilke v Price*, 221 AD2d 846, 847 [internal quotation marks omitted]; *see, Anastasio v Scheer, supra* at 824; *Bagnato v Romano*, 179 AD2d 713, 714, *lv denied* 81 AD2d 701). In our view, the record discloses no condition that would have required defendants to reduce their speed as they approached the intersection. The weather conditions were ideal, defendants' uncontroverted deposition testimony indicated that they did not see Park directing traffic at any time prior to the accident, and we are unpersuaded that the mere presence of vehicles parked or standing on the shoulder of the highway should have alerted defendants to the likelihood that a vehicle would suddenly enter the intersection against a red light.

Further, the varying deposition testimony fixes the speed limit on that part of Route 13 at 40 or 45 miles per hour, and there is no competent evidence that either Hansen or Herrera was driving in excess of 45 miles per hour. Although the competent evidence supports the finding that Herrera could have been driving five miles per hour over the limit, there is no evidence in the record that such a minimal deviation from the posted speed limit was a proximate cause of the accident (*see, Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742). Nor are we persuaded that Herrera's equivocal statement to Park that "you can't expect somebody to be able to stop at 55 miles per hour" constitutes an admission that she was traveling at that speed.

Plaintiff's remaining contentions have been considered and found to be similarly unavailing.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.