MATTHEW W. MIGLIONICO, Appellant, v LEROY HOLDINGS COMPANY, INC., et al., Respondents. [909 NYS2d 829]—

Rose, J. Appeal from an order of the Supreme Court (Zwack, J.), entered July 27, 2009 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was driving a large box truck south on State Route 122 when he failed to stop at a stop sign at a T-intersection with State Route 11 in the Town of Burke, Franklin County. He entered the intersection and struck a beverage delivery truck owned by defendant Leroy Holdings Company, Inc. and operated by John Warren, an employee of defendant Crystal Rock Spring Water Company. Warren had been driving east on Route 11, and he had no traffic control signs or devices restricting his eastbound travel through the intersection. Plaintiff commenced this action seeking to recover damages for the injuries he sustained in the collision. After joinder of issue and discovery,

defendants moved for summary judgment dismissing the complaint against them. Supreme Court granted the motion, and plaintiff appeals.

We affirm. Defendants established that plaintiff's failure to yield the right-of-way was the sole proximate cause of the accident (*see Colaruotolo v Crowley*, 290 AD2d 863, 864 [2002]; *Matt v Tricil [N.Y.], Inc.*, 260 AD2d 811, 812 [1999]). Warren testified at his examination before trial that he had the right-of-way as he proceeded east on Route 11, he was traveling the posted speed limit of 55 miles per hour, he was paying attention to the road ahead and he was not otherwise distracted. As Warren reached the middle of the intersection, he saw plaintiff's vehicle cross the westbound lane of Route 11 just before it collided with the rear axle area of his vehicle. Although plaintiff had no memory of the accident, a witness saw him approach the intersection "going too fast to stop" and then sliding out into Route 11 where he struck Warren's vehicle in Warren's eastbound lane.

In opposition to the motion for summary judgment, plaintiff claimed issues of fact with respect to whether Warren kept a proper lookout and whether Warren's speed upon entering the intersection was reasonable. We note, however, that the driver of a vehicle with the right-of-way " 'is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield' " (*Matt v Tricil [N.Y.], Inc.*, 260 AD2d at 812, quoting *Namisnak v Martin*, 244 AD2d 258, 260 [1997]; *see Horton v Warden*, 32 AD3d 570, 572 [2006]; *Garnsey v Bujanowski*, 13 AD3d 857, 857-858 [2004]). In this regard, "a driver has 'no duty to watch for and avoid a driver who might fail to stop or to proceed with due caution at a stop sign' " (*Doxtader v Janczuk*, 294 AD2d 859, 859-860 [2002], *lv denied* 99 NY2d 505 [2003], quoting *Perez v Brux Cab Corp.*, 251 AD2d 157, 159 [1998]; *see Fernet v Morvillo*, 30 AD3d 670, 672 [2006]).

Plaintiff has offered no evidence that, after he failed to stop at the stop sign and began to slide across the intersection, Warren had time to take evasive action. Instead, the evidence is that Warren was already in the intersection when he observed plaintiff pass through the stop sign and, a "split second" later, collide with the rear axle area of the left side of his truck. Plaintiff also failed to come forward with evidence of any condition that would have required Warren to reduce his speed as he approached the intersection (*see Platt v Wolman*, 29 AD3d 663 [2006]; *Matt v Tricil [N.Y.], Inc.*, 260 AD2d at 812; *Wilke v Price*, 221 AD2d 846, 847 [1995]; *see also* Vehicle and Traffic Law § 1180 [a], [e]). As plaintiff failed to raise an issue of fact as to

Warren's alleged negligence, the motion for summary judgment dismissing the complaint against defendants was properly granted (*see Pena v Santana*, 5 AD3d 649, 650 [2004]; *Mosch v Hansen*, 295 AD2d 717, 717-718 [2002]; *Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 741-742 [2001]; *Vogel v Gilbo*, 276 AD2d 977, 979-980 [2000]; *cf. Greco v Boyce*, 262 AD2d 734, 735 [1999]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.