Aarons, J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered October 7, 2015 in Warren County, which, among other things, granted plaintiff’s motion for summary judgment.
On August 17, 2012, Frank Panella and defendants Northwest Bay Partners, Ltd. and Michael O’Brien (hereinafter collectively referred to as defendants) entered into a settlement agreement, which stipulated that defendants execute a promissory note in the amount of $1,000,000. On the same date, defendants executed a promissory note for that amount in favor of Panella that was secured by a mortgage on seven of their lots in Warren County. Because defendants failed to pay real *1378 estate taxes due on the subject properties, Warren County commenced a tax lien foreclosure action against defendants and imposed a redemption deadline of August 2, 2013. One week prior to the redemption deadline, Panella paid Warren County the sum of $168,626.95 in satisfaction of the tax arrearages. Thereafter, Panella formed plaintiff and assigned it his interest in the subject properties.
As a result of defendants’ failure, among other things, to pay the real estate taxes, which was an obligation under the promissory note and mortgage, plaintiff commenced the instant foreclosure action. After joinder of issue, plaintiff moved for summary judgment. Defendants opposed the motion and cross-moved for, among other things, summary judgment dismissing the complaint. Supreme Court granted plaintiff’s motion. Defendants now appeal.* We affirm.
Plaintiff’s production of the promissory note, mortgage, settlement agreement and evidence of defendants’ default under the loan documents demonstrates its entitlement to summary judgment (see Nationstar Mtge., LLC v Alling, 141 AD3d 916, 917-918 [2016]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]). Where, as here, a mortgagee satisfies its burden by establishing its prima facie case, the burden then shifts to the mortgagors to produce competent and admissible evidence demonstrating the existence of a material issue of fact (see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
In opposition, defendants argue, and we disagree, that an issue of fact exists because plaintiff improperly mailed the notice of default to the address of defendants’ then counsel rather than mailing it to an alternative address that plaintiff should have known from the parties’ course of dealings. The mortgage, in pertinent part, provided that all notices were required to be “sent to the party at its current address or such other address as any party shall hereafter inform the other party hereto by written notice.” Thus, we find no fault with the fact that plaintiff mailed the notice to the address of defendants’ then counsel as that address was the only one provided for the *1379 purpose of sending notices to defendants (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021, 1022 [2010]). Furthermore, defendants did not submit evidence demonstrating that they had provided plaintiff with written notice of an alternative address for receiving notices.
We also reject defendants’ assertion that the notice of default is defective because it alleged defaults under the settlement agreement instead of alleging defaults under the mortgage. The promissory note provided that the parties “shall be bound by and shall comply with all of the terms, covenants and conditions of the parties’ Mortgage Agreement and Settlement Agreement, all of which shall be construed as one (1) instrument.” Hence, this argument is without merit because the terms of the settlement agreement were incorporated into the mortgage.
Finally, defendants also rely on the affidavit by O’Brien wherein he stated that, prior to the redemption deadline imposed by Warren County concerning the tax arrearages, he was in the process of negotiating with the County about satisfying the payments due. Defendants, however, failed to substantiate such self-serving statement (see Charter One Bank, FSB v Leone, 45 AD3d 958, 959 [2007]) and, even if they did, such negotiations do not raise an issue of fact as to whether they complied with their obligations under the loan documents. Because defendants failed to raise a material issue of fact, we find that Supreme Court properly granted plaintiff’s summary judgment motion (see HSBC Bank USA, N.A. v Sage, 112 AD3d at 1128).
McCarthy, J.P., Garry, Lynch and Rose, JJ., concur.
Ordered that the order is affirmed, with costs.

 Defendants have abandoned any arguments that could have been raised regarding the denial of their cross motion for summary judgment by failing to raise them in their brief (see Goodnow Flow Assn. Inc. v Graves, 135 AD3d 1228, 1229 n 1 [2016]; Roohan v First Guar. Mtge., LLC, 97 AD3d 891, 892 [2012]).