■ WILLIE LONDON, Appellant, v JACKLYN D. NORTH et al., Respondents. [58 NYS3d 714]—

Aarons, J. Appeal from an order of the Supreme Court (Cahill, J.), entered July 31, 2015 in Sullivan County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this negligence action stemming from a January 2012 motor vehicle accident in the City of Kingston, Ulster County involving a vehicle driven by defendant Jacklyn D. North and insured by defendant New South Insurance Company. Plaintiff was driving westbound on Broadway and, after making a left turn onto Franklin Street, which intersected with Broadway, he collided with the vehicle driven by North, who was traveling eastbound on Broadway. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion and plaintiff appeals.[1]

We find that defendants' own submissions disclose a triable issue of fact as to whether North was comparatively negligent. As part of their moving papers, defendants submitted, among other things, the pleadings, the deposition transcripts of plaintiff and Brendan Blagbrough, a nonparty witness to the accident, and the police accident report. Blagbrough was driving behind North on Broadway in an easterly direction. According to Blagbrough, as North approached the intersection of Broadway and Franklin Street, plaintiff made a swift and abrupt left turn from the opposite direction and struck North's vehicle. Blagbrough testified that "[l]ess than one second" had passed between when he saw plaintiff turn and the ensuing collision with North. The police accident report likewise indicated that plaintiff, when making the left turn onto Franklin Street, failed to yield the right-of-way to oncoming

1. By failing to raise any argument regarding the dismissal of the complaint against New South Insurance Company, plaintiff has abandoned any claim thereto (see Panella Descendants' Trust v Northwest Bay Partners, Ltd., 148 AD3d 1377, 1378 n [2017]). In any event, the record is devoid of any evidence indicating that New South Insurance Company was involved in the accident.

traffic. Defendants also submitted the certificate of disposition indicating that plaintiff was convicted of violating Vehicle and Traffic Law § 1141.[2] The foregoing evidence demonstrates that plaintiff was negligent per se and that North acted reasonably under the circumstances presented (see Cancellaro v Shults, 68 AD3d 1234, 1237 [2009], lv denied 14 NY3d 706 [2010]; Burnell v Huneau, 1 AD3d 758, 760-761 [2003]).

Plaintiff, however, provided a contrasting version of the accident. At his deposition, plaintiff testified that he was driving westbound on Broadway when he turned left into the intersection of Broadway and Franklin Street. Plaintiff crossed into the easterly direction of Broadway at the intersection and stopped to allow a woman in front of him to cross the street. Plaintiff stated that when he stopped, "it was clear" on Broadway and that North's vehicle was stopped at a traffic light "maybe about 200 feet away, maybe 300 feet away from Franklin Street." While plaintiff was still stopped, the passenger in his car told him that North's vehicle was "coming fast." According to plaintiff, there was no traffic or other cars in front of North and that North could just "go around [him]." Plaintiff testified that just as he was about to exit the intersection, North's vehicle struck the passenger side of his vehicle.

In light of the conflicting accounts as to how the accident occurred, we conclude that Supreme Court erred in granting summary judgment in favor of North (see Quinones v Community Action Commn. to Help the Economy, Inc., 46 AD3d 1326, 1326-1327 [2007]). Furthermore, although plaintiff failed to yield the right-of-way and was convicted of violating Vehicle and Traffic Law § 1141, such finding "does not preclude the existence of a fact issue as to [North's] comparative fault" (Lopez-Viola v Duell, 100 AD3d 1239, 1241-1242 [2012]). Given plaintiff's testimony regarding North's distance from the subject intersection, the absence of other cars in front of North as she approached plaintiff and the evidence that North was "coming fast," a question of fact exists regarding North's comparative fault and whether she could have used reasonable care to avoid the collision (see Gobin v Delgado, 142 AD3d 1134, 1135-1136 [2016]; Lopez-Viola v Duell, 100 AD3d at 1241-1242; Cahoon v Frechette, 86 AD3d 774, 776-777 [2011]). Accordingly, viewing the evidence in a light most favorable to plaintiff, summary judgment in favor of North on the issue of liability should have been denied.

---

2. Plaintiff contends that his conviction for violating Vehicle and Traffic Law § 1141 was overturned, but the record does not contain any proof to support his position.

Garry, J.P., Egan Jr., Lynch and Mulvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the complaint against defendant Jacklyn D. North; motion denied to said extent; and, as so modified, affirmed.