■ DEBRA F., Individually and as Parent and Guardian of JTF, an Infant, Respondent, v NEW HOPE VIEW FARM et al., Appellants, et al., Defendants. [66 NYS3d 51]—

Mulvey, J. Appeal from an order of the Supreme Court (Faughnan, J.), entered November 30, 2016 in Tompkins County, which denied a motion by defendants New Hope View Farm and William Head for summary judgment dismissing the complaint against them.

In May 2016, JTF was a passenger in a car driven by defendant Cady Sinclair that was in a motor vehicle accident with a truck driven by defendant William Head and owned by defendant New Hope View Farm. The accident occurred in the Town of Summerhill, Cayuga County at the intersection of Route 90, a two- lane road that runs west to east and does not have a traffic signal, and Salt Road, which runs north to south. Head was driving the truck in an easterly direction on Route 90 while Sinclair was driving in a westerly direction on Route 90, both approaching the intersection. Another truck that was traveling on Route 90 heading west, ahead of Sinclair's car, made a left turn onto Salt Road to the south, without incident. At some point thereafter, Sinclair also made a left turn onto Salt Road to the south, crossing over the eastbound, oncoming lane of Route 90; the rear passenger side of Sinclair's car collided with Head's truck, which had been proceeding easterly on Route 90. Sinclair was ticketed for failing to yield the right-of-way (*see* Vehicle and Traffic Law § 1141), but later pleaded guilty to the reduced charge of failure to dim her lights, a nonmoving violation (*see* Vehicle and Traffic Law § 375 [3]).

Plaintiff, individually and on behalf of JTF, commenced this negligence action against defendants. After issue was joined, New Hope and Head (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them, which plaintiff opposed. Supreme Court denied the motion, and defendants appeal.

We affirm. Defendants' central premise is that Sinclair's failure to yield the right-of-way was the sole proximate cause of the accident, and that Head was entitled to anticipate that Sinclair would yield the right-of-way. To that end, defendants argue that Head was not negligent as he was driving under the speed limit and did not see Sinclair turn until it was too late to avoid the accident. In support of their motion, defendants submitted Head's deposition testimony that he observed the oncoming truck make a left turn onto Salt Road and that, "all of a sudden," he saw Sinclair's car—which he had not previously seen as it was "right behind the truck"—turn left across the path of Head's truck. Head stated that, while he applied the brakes, there was "no way [he] could stop" in time as there was only a "split second" before the impact. Defendants submitted the affidavit of a project engineer who evaluated the data from the airbag module in Head's truck and concluded that, as Head approached the intersection, he had been decelerating and traveling under the posted 55 mile-per-hour speed limit, approximately 52 miles per hour five seconds before impact, had applied the brakes and could not have avoided the collision.

"[A]n operator who has the right[-]of[-]way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Matt v Tricil [N.Y.], Inc.*, 260 AD2d 811, 812 [1999] [internal quotation marks and citation omitted]). Further, "[a]lthough a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision" (*Breen v Seibert*, 123 AD3d 963, 964 [2014]). Based upon the foregoing evidence, defendants made a prima facie showing that Head had the right-of-way and did not have a reasonable opportunity to avoid the collision, and "acted reasonably under the circumstances presented," thereby shifting the burden to plaintiff to establish the existence of a triable issue of fact (*London v North*, 152 AD3d 884, 885 [2017]; *see Miglionico v Leroy Holdings Co., Inc.*, 78 AD3d 1306, 1307 [2010]; *Matt v Tricil [N.Y.], Inc.*, 260 AD2d at 812).

Plaintiff presented a contrasting version of the accident, in

particular, through the testimony of an eyewitness, Jason Fuller. Fuller was driving northbound on Salt Road and stopped at the intersection stop sign. He observed the westbound truck ahead of Sinclair turn left onto Salt Road, temporarily obscuring his view of Head's eastbound truck, but then observed Sinclair's vehicle slow to 5 to 10 miles per hour and make the left turn. Fuller testified that there was "significant space" between Sinclair's car and the turning truck ahead of her, and estimated that Sinclair's car was 300 to 500 feet behind that truck. In this context, Head "was bound to see what[,] by the proper use of [his] senses[,] [he] might have seen" and, if the circumstances were as described by Fuller, and if Head should have observed Sinclair's car turning left, "then the accident would be a reasonably foreseeable risk and [Head] would have had a duty to avoid striking [Sinclair], if it were possible to do so" (*Haider v Zadrozny*, 61 AD3d 1077, 1078 [2009] [internal quotation marks and citations omitted]). Fuller's materially different version of the accident, if credited, could support the conclusion that Head had adequate time and opportunity to observe Sinclair's turning car and take evasive action (*compare Miglionico v Leroy Holdings Co., Inc.*, 78 AD3d at 1307; *Matt v Tricil [N.Y.], Inc.*, 260 AD2d at 812). That is, Head had "a duty to use reasonable care to avoid a collision" and, unless he had "only seconds to react" to Sinclair's failure to yield the right-of-way, an issue disputed by plaintiff's evidence, Head may be partly at fault (*Breen v Seibert*, 123 AD3d at 964; *see London v North*, 152 AD3d at 885).

Viewing the evidence in the light most favorable to plaintiff, the nonmovant (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *Copeland v Bolton*, 101 AD3d 1283, 1286 [2012]), we agree with Supreme Court that plaintiff rebutted defendants' prima facie showing and raised a material question of fact "regarding when Head saw, or should have seen, Sinclair's vehicle and [whether he should have] taken evasive action." Accordingly, defendants' motion was properly denied.

Garry, J.P., Devine and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.