Ohl v Smith (2023 NY Slip Op 01823)

Ohl v Smith

2023 NY Slip Op 01823

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

534524
[*1]Nicholas Ohl, Respondent,
v
Randolph L. Smith, Appellant.

Calendar Date:February 23, 2023

Before:Lynch, J.P., Aarons, Pritzker and McShan, JJ.

Kenney Shelton Liptak Nowak LLP, Jamesville (Daniel K. Cartwright of counsel), for appellant.
Sobo & Sobo, LLP, Middletown (Dylan G. Rupp of counsel), for respondent.

Lynch, J.P.
Appeal from an order of the Supreme Court (Joseph A. McBride, J.), entered December 13, 2021 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.
On the evening of June 18, 2017, a vehicle operated by Amber Ryan was traveling southbound on State Route 12 and attempted to make a left turn across the northbound lane to enter Lindy's ice cream shop when it was struck on the front passenger side by defendant's oncoming vehicle. Plaintiff, the front passenger in Ryan's vehicle, sustained multiple injuries and was in a coma for three weeks. Plaintiff commenced this negligence action against defendant seeking damages for serious injuries as defined in Insurance Law § 5102 (d). Defendant answered and interposed various affirmative defenses, including that he was absolved of liability under the emergency doctrine (see PJI 2:14). Following discovery, defendant moved for summary judgment dismissing the complaint, arguing that Ryan was the sole proximate cause of the accident insofar as she failed to yield the right-of-way and admitted during a deposition that she made a left turn directly into his lane of travel without first looking for oncoming traffic. Emphasizing that he was confronted with an emergency situation not of his own making, defendant maintained that he took appropriate evasive actions to avoid a collision.
Supreme Court denied defendant's motion, finding that "whether [d]efendant acted reasonably . . . given the time he had to react is a matter of disputed fact," construing defendant's deposition testimony as acknowledging that he "had up to [10] seconds to react." The court further concluded that defendant "should have seen [Ryan] signaling [a turn] given the amount of traffic, time of day and road conditions" and that there was a triable issue of fact as to whether defendant applied his brakes in an attempt to avoid a collision. Defendant appeals.
We reverse. As relevant here, "[t]he driver of a vehicle intending to turn . . .
left . . . into . . . [a] private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141), and may not make the turn "unless and until such movement can be made with reasonable safety" (Vehicle and Traffic Law § 1163 [a]). Although an "unexcused violation of the Vehicle and Traffic Law constitutes negligence per se" (Kreis v Kiyonaga, 200 AD3d 1144, 1145 [3d Dept 2021] [internal quotation marks and citations omitted]), there "can be more than one proximate cause of an accident" (Nohs v DiRaimondo, 140 AD3d 1132, 1133 [2d Dept 2016]). Such a violation "does not preclude the existence of a fact issue as to [a defendant's] comparative fault" (London v North, 152 AD3d 884, 885 [3d Dept 2017] [internal quotation marks and citation omitted]). That said, "a driver in a proper traffic lane is not required to anticipate [*2]that a vehicle traveling in the opposite direction will cross over into that lane" (Lopez-Viola v Duell, 100 AD3d 1239, 1242 [3d Dept 2012] [internal quotation marks and citation omitted]; see Johnson v Freedman, 195 AD3d 1206, 1207 [3d Dept 2021]; Debra F. v New Hope View Farm, 155 AD3d 1491, 1492 [3d Dept 2017]). "To be granted summary judgment based on the emergency doctrine, a driver must establish as a matter of law that he or she did not contribute to the creation of the emergency situation, and that his or her reaction was reasonable under the circumstances such that he or she could not have done anything to avoid the collision" (Cahoon v Frechette, 86 AD3d 774, 775 [3d Dept 2011] [citation omitted]).
In support of his summary judgment motion, defendant submitted, among other things, the police accident report, relevant deposition testimony and a signed witness statement. The record shows that State Route 12 is a two-lane straightaway with a speed limit of 50 miles per hour in the vicinity of the accident. The police accident report memorialized a witness statement from Heather M. LePage explaining that Ryan "made a left hand turn in front of [defendant's] vehicle" and defendant's vehicle "struck [Ryan's] vehicle . . . as [she] pulled in front of it." Ryan confirmed as much during her deposition. Ryan testified that traffic "wasn't busy" and that Lindy's has two entrances from State Route 12. As she approached the first entrance, she slowed down and engaged her turn signal, estimating that she was going 10 to 15 miles per hour. Realizing that there was no place to park at the first entrance, Ryan "snail crawled up to the second entrance," where she made a left turn. Ryan confirmed that she did not come to a complete stop before making the turn or look for oncoming traffic and was struck by defendant's vehicle in the northbound lane. She also admitted that, after the collision, she "may have" told her stepmother that the accident was her fault, as she was not paying attention and did not see defendant's vehicle. When police arrived at the scene, they issued Ryan a ticket for failing to yield the right of way, which she pleaded guilty to — an acknowledgement that evidences negligence on her part (see Lopez-Viola v Duell, 100 AD3d at 1241-1242; PJI 2:26).
During defendant's deposition, he maintained that he was confronted with an emergency situation and made reasonable attempts to avoid a collision. He explained that the accident occurred at 7:12 p.m. on a clear and dry day. Defendant described the stretch of State Route 12 where the accident occurred as a "[c]ommercial area" and testified that there were no cars ahead of him prior to the impact. When he saw Ryan's vehicle turn in front of him, he slammed on his brakes but "by the time [he] hit the brakes, [he] hit [Ryan's vehicle]." When asked to estimate the amount of time between when he first observed Ryan's vehicle in his lane and the point of impact, defendant stated that it was "seconds[*3]." Plaintiff's attorney then asked him to estimate whether it was more or less than 10 seconds, to which defendant answered "less" but he "couldn't tell [whether] it was less than five." When defendant drove by the scene the next day, he observed only one set of skid marks in the northbound lane near the impact area. In his supporting affidavit, defendant averred that, right before the accident, he was traveling at or below the 50 miles-per-hour speed limit.
Defendant's wife, Robin L. Smith, also gave deposition testimony. With respect to how the accident occurred, Smith was mainly looking at the ice cream shop and, the next thing she knew, defendant said "Oh, my God" and she was "kissing an air bag." Smith testified that, prior to the air bag deploying, she saw "[a] car . . . in front of [them] in [their] lane, like sideways," but it was "such a split second." Defendant also submitted the sworn statement from LePage, who was driving behind Ryan's car at the time of the accident. Although LePage recalled that Ryan had her turn signal on and was not driving in an aggressive or careless manner prior to the accident, she noted that Ryan "turned right into the path of [defendant's] pick-up truck." LePage "c[ould not] recall" if defendant's vehicle made a screeching sound consistent with braking, "as [she] was worried about moving [her] vehicle and family to safety."
On this record, defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that Ryan failed to yield the right-of-way and turned directly into the path of his vehicle (see Cancellaro v Schults, 68 AD3d 1234, 1236-1237 [3d Dept 2009], lv denied 14 NY3d 706 [2010]). Thus, the burden shifted to plaintiff to demonstrate a triable issue of fact on the issue of defendant's comparative fault. Plaintiff failed to do so.
Although Supreme Court found that defendant should have expected that Ryan might turn into Lindy's entrance, that assessment ignores the fact defendant had the right-of-way and was entitled to expect that Ryan would obey traffic laws requiring her to yield to oncoming traffic (see Barbato v Maloney, 94 AD3d 1028, 1029-1030 [2d Dept 2012]; Cancellaro v Schults, 68 AD3d at 1237). Moreover, Supreme Court's finding that defendant, by his own words, had "up to [10] seconds to react" misconstrues his deposition testimony in which he merely answered counsel's question about whether it was more or less than 10 seconds between the time that he first saw Ryan's vehicle and the point of impact, confirming that it was less. In fact, defendant's initial response was that there were mere "seconds" between these events. Independent evidence also supports that claim, including testimony from defendant's wife that she heard defendant say "Oh, my god" immediately before impact and LePage's statement that Ryan turned "right into the path" of defendant's vehicle (compare Brust v McDaniel, 162 AD3d 1196, 1197-1198 [3d Dept 2018[*4]]).
Supreme Court also erred in concluding that there was a triable issue of fact as to whether defendant took appropriate evasive action. On a motion for summary judgment, "[t]he court may not weigh the credibility of the affiants . . . unless it clearly appears that the issues are not genuine, but feigned" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]). A defendant may establish the right to summary judgment under the emergency doctrine based on his or her own testimony (see Cancellaro v Schults, 68 AD3d at 1236-1237). Here, defendant testified, without contradiction, that he slammed on his brakes upon observing Ryan's vehicle, but did not have enough time to avoid impact. He further confirmed that there were skid marks at the accident scene. "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision" (Debra F. v New Hope View Farm, 155 AD3d at 1492 [internal quotation marks and citation omitted]). By rejecting defendant's proof, Supreme Court was essentially making an unwarranted credibility assessment. In doing so, the court misconstrued the testimony of both LePage and Smith, for neither witness provided testimony as to whether they heard "screeching tires" one way or the other. Nor was it incumbent upon defendant to discount other causes of the skid marks in the roadway. The operative point here is that plaintiff failed to come forward with any proof raising a question of fact as to the reasonableness of defendant's response (compare id. at 1493). In any event, "nothing in the record indicates that [braking] . . . would have prevented the accident" (Cancellaro v Shults, 68 AD3d at 1237). As defendant established that Ryan was the sole proximate cause of the accident and that he is absolved of liability under the emergency doctrine, Supreme Court erred in denying defendant's motion (see Cancellaro v Shults, 68 AD3d at 1237; Lamey v County of Cortland, 285 AD2d 885, 887 [3d Dept 2001]).
Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.