Devanny v Cook (2026 NY Slip Op 01264)

Devanny v Cook

2026 NY Slip Op 01264

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-25-0270
[*1]Timothy J. Devanny, Respondent,
vMichael G. Cook, Appellant.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Nash Connors, PC, Buffalo (Philip M. Gulisano of counsel), for appellant.
Morgan & Morgan, New York City (Ross S. Friscia of Horn Appellate Group, PC, Brooklyn, of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Christopher Baker, J.), entered January 28, 2025 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint.
In August 2022, plaintiff exited a private driveway by reversing his vehicle onto Wyncoop Creek Road in the Town of Chemung, Chemung County. Following plaintiff's entry into the roadway, his vehicle was struck from the rear by defendant's vehicle. Plaintiff commenced this action alleging that the accident was the result of defendant's negligence; particularly, defendant's operation of his vehicle at an unreasonable speed and his failure to maintain awareness of his surroundings. After issue was joined, defendant moved for summary judgment dismissing the complaint, alleging that defendant was not negligent as a matter of law and that plaintiff's negligence was the sole proximate cause of the accident. Supreme Court denied defendant's motion, finding that although defendant met his prima facie burden showing entitlement to summary judgment, plaintiff raised a triable question of fact as to the extent of statutory compliance with the parties' respective obligations under the Vehicle and Traffic Law. Defendant appeals.
We affirm. "Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action" (Cole v Triple M Excavating & Trucking LLC, 237 AD3d 1304, 1304-1305 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Congregation Yeshiva Yoreh Deah Inc. v Ozomek, ___ AD3d ___, ___, 2026 NY Slip Op 00292, *1 [3d Dept 2026]). "When considering a motion for summary judgment, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Naylor v Ellis Hosp., 235 AD3d 1130, 1131 [3d Dept 2025] [internal quotation marks and citations omitted]; see Taylor v Appleberry, 214 AD3d 1142, 1144 [3d Dept 2023]).
As relevant here, Vehicle and Traffic Law § 1211 (a) provides that "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." Additionally, "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (Vehicle and Traffic Law § 1143). "An operator who has the right-of-way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield. Further, although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, a driver with the [*2]right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively at fault for failing to avoid the collision" (Debra F. v New Hope View Farm, 155 AD3d 1491, 1492 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; see Notaroberta v Golub, 226 AD3d 1039, 1040 [2d Dept 2024]).
We agree with Supreme Court that defendant tendered sufficient evidence to meet his prima facie burden. According to the deposition testimony of plaintiff, submitted in support of defendant's motion, plaintiff reversed onto the roadway after looking both ways and, just after shifting gears to proceed forward, he was struck from behind by defendant. To the contrary, defendant testified that he was travelling on the road at roughly 40 to 45 miles per hour when he observed plaintiff's vehicle "a split second" before the collision. John Struble, an engineer with expertise in motor vehicle accident reconstruction, submitted an affidavit in support of defendant's motion, concluding that defendant was traveling southbound on the road at a speed of 46 to 47 miles per hour, less than the 55 mile-per-hour speed limit on the road, and had insufficient time to avoid the collision upon perceiving plaintiff's vehicle. Struble further opined that plaintiff had reversed onto the road without an adequate view of southbound traffic due to the existence of foliage obstructing his view, and that doing so was unsafe. This proof was sufficient to establish that defendant acted reasonably as he may have had only seconds to react upon perceiving plaintiff reverse onto the road in an unsafe manner in violation of Vehicle and Traffic Law §§ 1211 (a) and 1143, shifting the burden to plaintiff to establish a material issue of fact (see Hand v Ridge Volunteer Fire Dept., Inc., 216 AD3d 923, 924 [2d Dept 2023]; Taylor v Appleberry, 214 AD3d at 1144; Debra F. v New Hope View Farm, 155 AD3d at 1492; London v North, 152 AD3d 884, 885 [3d Dept 2017]; see also Walker v Joseph, 238 AD3d 805, 806 [2d Dept 2025]).
In opposition, plaintiff submitted an affidavit reiterating that he looked both ways before reversing onto the road and did not observe any oncoming traffic. Plaintiff stated that he was struck "within a matter of seconds" due to defendant traveling at an unreasonable speed given the curvature of the road immediately preceding the accident site. Buttressing that assertion, plaintiff submitted an affirmation from Christopher Kelley, an accident reconstruction expert, who opined that the same vegetation and obstacles that obscured plaintiff's view would have also obscured the view of southbound drivers, providing only approximately 300 feet of visibility as drivers approached the curve. Kelley therefore concluded that defendant's speed and reaction time would have provided about 270 to 285 feet of distance to react prior to impact. Kelley also explained how the presence of left tire skid marks, approximately 140 feet in length, leading up to the [*3]site of the accident were indicia of defendant having been driving on or over the double yellow center line as he traversed the curve in the road. Kelley noted that defendant possessed a commercial driver's license, which advises heavy truck drivers — such as defendant, who was driving a dump truck — to provide themselves with 12 to 15 seconds of sight distance. Kelley also noted that the Vehicle and Traffic Law mandates that a driver not exceed "a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing" (Vehicle and Traffic Law § 1180 [a]) and that "[t]he driver of every vehicle shall . . . drive at an appropriate reduced speed . . . when approaching and going around a curve, . . . when traveling upon any narrow or winding roadway, and when any special hazard exists with respect to . . . other traffic by reason of . . . highway conditions" (Vehicle and Traffic Law § 1180 [e]). Kelley opined that defendant "had the obligation to reduce his speed . . . prior to entering the curve," noting the limited visibility from defendant's lane due to the curvature and the "narrow and winding configuration" of the roadway. Kelley further opined that defendant would have had "a reasonable amount of time and distance to observe and react" to plaintiff reversing onto the roadway had he reduced his speed prior to entering the curve. Upon our independent review, and setting aside any credibility issues with respect to the competing expert opinions, we agree with Supreme Court's conclusion that there are issues of fact relative to the competing obligations of the parties as articulated in the Vehicle and Traffic Law that are appropriate for resolution by the factfinder (see Legrand v USC-NYCON, LLC, 234 AD3d 596, 597 [1st Dept 2025]; Stefanski v Huntress, 224 AD3d 1362, 1363 [4th Dept 2024]; Brown v Askew, 202 AD3d 1501, 1503 [4th Dept 2022]; London v North, 152 AD3d at 885; Valiando v Catalfamo, 138 AD3d 1271, 1272 [3d Dept 2016]; DeAngelis v Martens Farms, LLC, 104 AD3d 1125, 1126 [4th Dept 2013]; Lopez-Viola v Duell, 100 AD3d 1239, 1242 [3d Dept 2012]).
Finally, to the extent that we can discern from defendant's motion and appellate brief an argument that he is entitled to partial summary judgment on his contention that plaintiff was negligent as a matter of law, we find his argument without merit. Defendant essentially asks that we grant summary judgment to him with respect to his affirmative defense of comparative negligence, on which he bears the burdens of pleading and proof (see Rodriguez v City of New York, 31 NY3d 312, 318 n 3 [2018]). Unlike the situation presented on this appeal, however, consideration of a plaintiff's comparative fault is generally appropriate in the context of a summary judgment motion made by a plaintiff seeking to strike that defense (see CPLR 1412; Fumo v Ortiz, 241 AD3d 877, 877 [2d Dept 2025]). To that end, the statutory scheme underpinning comparative [*4]negligence principles in this state "direct[s] courts to consider a plaintiff's comparative fault only when considering the amount of damages a defendant owes to plaintiff" (Rodriguez v City of New York, 31 NY3d at 318), which suggests that, in the absence of a determination that defendant was negligent, consideration of plaintiff's fault is premature beyond the context of assessing whether or not his actions were the sole proximate cause of the accident so as to warrant dismissal of the claim (see generally Grant v Nembhard, 94 AD3d 1397, 1400 [3d Dept 2012]). In any event, assuming defendant could seek partial summary judgment on his affirmative defense, for the same reasons we have articulated herein, we find that defendant's submissions fail to establish the absence of a triable issue of fact as to whether plaintiff, if negligent, was a proximate cause of his injuries (see Fumo v Ortiz, 241 AD3d at 878; Taylor v Appleberry, 214 AD3d at 1143; Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1241 [3d Dept 2021]; see generally Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 516-517 [1980]).
Clark, J.P., Pritzker, Powers and Corcoran, JJ., concur.
ORDERED that the order is affirmed, with costs.